Vito Marino, an Infant, by Rocco Martorana, his Guardian ad Litem, Respondent, *v.* Louis A. Lehmaier, Appellant.

1. Negligence — Employment of Children under Fourteen Years of Age in Factory — Effect of Labor Law (L. 1897, Ch. 415, § 70).   Section 70 of the Labor Law (L. 1897, ch. 415), prohibiting the employment of a child under the age of fourteen years in any factory in this state, in effect declares that a child under the age specified presumably does not possess the judgment, discretion, care and caution necessary for the engagement in such a dangerous avocation, and, therefore, is not as a matter of law chargeable with contributory negligence or with having assumed the risks of the employment.

2. Civil Liability of Employer.   The fact that the statute provides that a violation of it shall constitute a misdemeanor, and, therefore, the proprietor of a factory is criminally liable for the employment of children under the prescribed age, does not relieve him from civil liability for injuries sustained by such an employee; and in an action therefor, such employment is in and of itself some evidence of negligence in cases where the accident could not have happened but for the employment.

*Marino* v. *Lehmaier*, 62 App. Div. 43, affirmed.

(Argued January 9, 1903; decided February 24, 1903.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 17, 1901, reversing a judgment in favor of defendant entered

upon a dismissal of the complaint by the court at a Trial Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Albert W. Venino* and *Maurice Sichel* for appellant. The violation by the defendant of the Factory Law in employing the plaintiff, without any other evidence of negligence, is insufficient to support a verdict or a judgment for the plaintiff. (*Knisley* v. *Pratt*, 148 N. Y. 372; *Graves* v. *Brewer*, 4 App. Div. 327; *Higgins Carpet Co.* v. *O'Keefe*, 79 Fed. Rep. 900; *Thompson* v. *Carey Mfg. Co.*, 62 App. Div. 279; *Monzi* v. *Friedline*, 33 App. Div. 217; *Freeman* v. *G. F. P. M. Co.*, 70 Hun, 530; 142 N. Y. 639; *De Young* v. *Irving*, 5 App. Div. 499; *O'Connell* v. *Clark*, 22 App. Div. 466; *White* v. *Whitteman*, 131 N. Y. 631.) Assuming that the mere fact that the plaintiff was under fourteen years of age creates liability without further proof of wrongdoing or negligence on the part of the defendant, the plaintiff's case is nevertheless defective in that it fails to show that the plaintiff was free from contributory negligence. (*McRickard* v. *Flint*, 114 N. Y. 222.) The plaintiff by accepting the employment assumed the obvious risks incident thereto. (*Buckley* v. *G. P. R. Co.*, 113 N. Y. 540; *Hayes* v. *Bush & Denslow Co.*, 102 N. Y. 648; *Hickey* v. *Taaffe*, 105 N. Y. 26; *Ogley* v. *Miles*, 139 N. Y. 458; *Crown* v. *Orr*, 140 N. Y. 450; *Burns* v. *N. C. Co.*, 65 App. Div. 424.) The plaintiff was *sui juris* and the burden of proving the contrary rests upon the plaintiff. (*Stone* v. *D. D. R. R. Co.*, 115 N. Y. 104.)

*George Lawyer* and *William McArthur* for respondent. A person violating a public ordinance is a wrongdoer, and is necessarily negligent; and an innocent person injured by the illegal act is entitled to a civil remedy therefor. (*Jetter* v. *N. Y. & H. R. R. Co.*, 2 Abb. Ct. App. Dec. 458; *Beisigel* v. *N. Y. C. R. R. Co.*, 14 Abb. Pr. [N. S.] 29.) The reversal of the decision of the trial court was proper. (*Stewart* v.

*Ferguson,* 164 N. Y. 553; *Pitcher* v. *Lennon,* 12 App. Div. 356; *Knupfle* v. *K. Ice Co.,* 84 N. Y. 488; *Willy* v. *Mulledy,* 78 N. Y. 314.) There was no assumption of risks. (*Kain* v. *Smith,* 89 N. Y. 375.) Plaintiff was *non sui juris.* (*Tucker* v. *R. R. Co.,* 124 N. Y. 308; *Zwack* v. *R. R. Co.,* 160 N. Y. 362; *McCarragher* v. *Rodgers,* 120 N. Y. 526; *Finkelstein* v. *R. R. Co.,* 51 App. Div. 287; *Thurber* v. *R. R. Co.,* 60 N. Y. 326.)

Haight, J. This action was brought to recover damages for a personal injury.

The defendant was engaged in conducting a printing establishment in the city of New York. The plaintiff was first employed by him as an errand boy. He served in that capacity for the period of about three months and was then set at work in the factory as a feeder of a printing press which he was required to clean every night. On the 15th of September, 1900, while he was engaged in cleaning the press, his fingers were caught between the cog wheels and cut off. The machine was not in motion at the time he commenced to clean it and the evidence is not clear as to the precise manner in which the machine was started. On receiving the injury the boy fainted and was unable to state whether he had previously taken hold of the fly wheel and in so doing started the motion of the machine. He entered the employ of the defendant when he was twelve years and ten months of age, and at the time of the accident he was thirteen years and three months old.

The Labor Law, section seventy, provides : " A child under the age of fourteen years shall not be employed in any factory in this state. A child between the ages of fourteen and sixteen years shall not be so employed, unless a certificate executed by a health officer be filed in the office of the employer." (Laws of 1897, ch. 415.) It will be observed that the first provision of this section is an absolute prohibition, without any qualification, of the employment in a factory of any child under fourteen years of age. This statute was, undoubtedly,

passed as a police regulation, designed to protect children of tender age from injuries liable to result from their employment in dangerous avocations, such as the operation of machines or presses usually found in factories. Prior to the adoption of this statute, the rule of liability of an employer is well stated by PECKHAM, J., in the case of *Hickey* v. *Taaffe* (105 N. Y. 26, 36). He says: "There is no doubt that in putting a person of immature years at work upon machinery which in some aspects may be termed dangerous, an employer is bound to give the employee such instructions as will cause him to fully understand and appreciate the difficulties and dangers of his position and the necessity there is for the exercise of care and caution; merely going through the form of giving instructions, even if such form included everything requisite to a proper discharge of his duties by such employee if understood, would not be sufficient. In placing a person of this description at work upon dangerous machinery, such person must understand, in fact, its dangerous character and be able to appreciate such dangers and the consequences of a want of care, before the master will have discharged his whole duty to such an employee. * * * If a person is so young that even after full instructions he wholly fails to understand them and does not appreciate the dangers arising from a want of care, then he is too young for such employment, and the employer puts or keeps him at such work at his own risk."

In the case of *McCarragher* v. *Rogers* (120 N. Y. 526) the action was prosecuted to recover damages for injuries resulting to an infant thirteen years of age while employed in a factory. The rule, as laid down in that case, was to the effect that, so far as the danger is known and obvious to him, a person of immature years may be legally as responsible for his own protection as an adult, but where judgment and reflection are required to enable a person to appreciate the consequences which might result from the defective character of machinery, the question of contributory negligence of the infant is for the jury. (See, also, 1 Shearman & Redfield on Neg. § 218, and authorities there cited; *Sullivan* v. *India Mfg. Co.*, 113

Mass. 396; *Finnerty* v. *Prentice*, 75 N. Y. 615, reported in 8 Weekly Digest, 206.)

It is, thus, apparent that the knowledge and capacity of the infant, his judgment, discretion, care and caution and his ability to know and appreciate the dangers that surrounded him, even prior to the adoption of the Labor Law, were questions of fact for the jury. We do not regard the case of *Knisley* v. *Pratt* (148 N. Y. 372) as controlling upon the question. In that case the plaintiff was upwards of twenty-one years of age and her faculties had fully matured. She, consequently, was held to have assumed the risks of the employment. In this case the plaintiff was under the age required by the statute, and he had not arrived at that period in life in which the judgment, discretion and caution of persons ordinarily become mature.

It has been said of the last century that it was the age of invention. Machines had been devised and constructed with which very many of the articles used by mankind were manufactured. Numerous factories had been established throughout the country filled with machines, many of which were easily operated, and the practice of employing boys and girls in their operation had become extensive, with the result that injuries to them were of frequent occurrence. We think it is very evident that these reasons induced the legislature to establish definitely an age limit under which children shall not be employed in factories; and, to our minds, the statute, in effect, declares that a child under the age specified presumably does not possess the judgment, discretion, care and caution necessary for the engagement in such a dangerous avocation, and is, therefore, not, as a matter of law, chargeable with contributory negligence or with having assumed the risks of the employment in such occupation.

It is now claimed that a violation of this statute by the proprietor of a factory does not subject him to civil liability for injuries sustained by his employees. There are, doubtless, numerous statutes which prohibit the doing of certain acts, the violation of which is punishable by penalties or as a misde-

meanor, in which the wrongdoer may not be civilly liable for damages. We shall not here attempt an enumeration of those statutes or to point out the reasons why civil liability does not attach. Our attention, however, has been called to no statute prohibiting the doing of an act which is dangerous to the life or health of others in which it has been held that the jury may not find negligence and a liability for damages resulting from the doing of the prohibited act. Passing the consideration of all the cases arising under the statutes and ordinances of cities regulating the signals of approaching trains and their speed, under which it has been held that the jury may find negligence, we come directly to the consideration of the cases that have arisen under the statute in question.

In the case of *Willy* v. *Mulledy* (78 N. Y. 310) the action was brought by the plaintiff, as administrator, to recover damages for the death of his wife. They occupied apartments in a tenement house in the city of Brooklyn, which they had rented of the defendant, the owner. A fire took place in one of the lower stories of the house, and the plaintiff's wife and child were smothered to death. The charter of the city of Brooklyn at that time required owners of tenement houses to have places of egress to the roofs and also fire escapes upon the houses, which had not been complied with. It was held that the defendant was civilly liable, and the plaintiff was permitted to recover. Earl, J., in delivering the opinion of the court, after referring to the statute, says: "Here was, then, an absolute duty imposed upon the defendant by statute to provide a fire escape, and the duty was imposed for the sole benefit of the tenants of the house, so that they would have a mode of escape in case of a fire. For a breach of this duty causing damage it cannot be doubted that the tenants have a remedy. It is a general rule that whenever one owes another a duty, whether such duty be imposed by a voluntary contract or by statute, a breach of such duty causing damage gives a cause of action. Duty and right are correlative, and where a duty is imposed there must be a right to have it performed. When a statute imposes a duty upon a public officer it is well

settled that any person having a special interest in the performance thereof may sue for a breach thereof causing him damage, and the same is true of a duty imposed by statute upon any citizen." The provisions of the Brooklyn charter have, in substance, been incorporated into section 82 of the Labor Law, and are now a part of the statute under consideration.

In the case of *Stewart* v. *Ferguson* (164 N. Y. 553) the action was for the negligently causing the death of plaintiff's intestate by reason of the fall of a scaffold on which he was at work. Section 18 of the Labor Law prohibited persons employing laborers to work upon a scaffold from furnishing unsafe, unsuitable or improper scaffolding which is not "so constructed, placed and operated as to give proper protection to the life and limb of a person so employed or engaged." It was held that the plaintiff could recover. Landon, J., writing in the case, says: "We think sections 18 and 19 of the Labor Law enlarged the duty of the master or employer and extend it to responsibility for the safety of the scaffold itself, and thus, for the want of care in the details of its construction."

In the case of *Pauley* v. *Steam Gauge & Lantern Co.* (131 N. Y. 90, 96) Finch, J., after referring to the statute requiring fire escapes, says with reference thereto, that it imposed "a duty upon the owners or occupants of the prescribed class of factories, for an omission to perform which the operatives injured by the omission might recover damages." He proceeds, however, to show that in that case the owners had supplied two fire escapes upon their factory, thus complying with the statute.

In *Huda* v. *American Glucose Co.* (154 N. Y. 474, 481) Gray, J., says, referring to this same statute : " It created an absolute duty, and its effect was to give a cause of action for each breach in favor of any one entitled to its observance and injured by a breach."

In Comyn's Digest, under head of Actions on Statutes (F), page 453, it is said: " So in every case, where a statute enacts or prohibits a thing for the benefit of a person, he shall have

a remedy upon the same statute for the thing enacted for his advantage or for the recompense of a wrong done to him contrary to said law." (See, also, *Pitcher* v. *Lennon*, 12 App. Div. 356 ; *McRickard* v. *Flint*, 114 N. Y. 222, and *Hover* v. *Barkhoof*, 44 N. Y. 113.)

We, therefore, conclude that under the evidence and the principle of these authorities, at least, a question of fact was presented for the determination of the jury, and in case it should be found that the defendant was negligent and the plaintiff, under the circumstances, was not chargeable with contributory negligence, the defendant was civilly liable.

The order of the Appellate Division should be affirmed and judgment ordered in favor of the plaintiff upon the stipulation, with costs.

PARKER, Ch. J.    The legislature might have provided that an employer should respond in damages for all injuries sustained by a child under 14 years of age employed by him in violation of section 70 of the Labor Law ; but instead it provided that the violator should be guilty of a misdemeanor. It would seem, therefore, that the minority of the court is right in so far as it holds that defendant was not chargeable as matter of law with all injuries that might have resulted to plaintiff while in his employ.    But, while the violation of the statute cannot as matter of law charge the offender in damages for all injuries that may come to one whom the statute forbids him to employ, may not the violation of the statute in the case of injuries which could not have happened but for its violation constitute evidence of negligence to be considered by the triers of fact ?

This statute was the outcome of lessons taught by experience and emphasized by recent statistics, and its purpose is to save the life and keep the body whole of children of such tender years as not to be able to exercise good judgment in their own protection and not to be trusted to take the same precautions to save themselves from harm that adults would. The statute amounts to a declaration by the state that the

employment of children under 14 years of age in a factory is so far neglectful of their lives and limbs as to make it the duty of the state in the exercise of its police power to forbid such employment and enforce its command by penalties. Now, while the offense against the state is only punishable by it as a misdemeanor, the violation of the statute is, as against the child whom the state deems incompetent to contract for such forbidden service, a wrongful and negligent act, which of itself furnishes some evidence of negligence in cases where the accident could not have happened but for an employment to work in a factory.

Now, in this case, the boy hired out to defendant as an errand boy. When he asked for an increase in wages he was set to work on the press where he received the injury. His testimony on that subject is, in part, as follows: "How I came to work there is, I was with another friend of mine looking for a job, and as we went around Beekman street, there were some other boys who got out of a place and told us there was a boy wanted at Lehmaier & Brother. So we went there and we asked if we could not work. So Ernest, the shipping clerk, engaged me there. I was engaged to run errands outside. I was to get $3 a week. I ceased to work for Mr. Lehmaier September 15th, 1900. Ernest, the shipping clerk, set me to work there when I first went. First to run errands. *I worked two and a half or three months at errands. Then I asked for an increase in my wages, and they said they needed me upstairs, the printing machine, and they asked me if I would like to go up there ; and the foreman put me up there ; they put me on a Gordon machine.* I worked that machine three months or two and a half." Then this accident happened and the work stopped, because of the accident and the injury. Against such an accident the state attempted to guard this boy among others. But the defendant disregarded the law and employed and gave directions to one of the subjects of the state in violation of the state's policy, and the outcome of it was an injury to the child which could not have happened had the law been observed.

In such a case it would seem that the necessary and logical practice would be that the jury should be permitted to consider the violation of the statute, in connection with the other facts, as evidence tending to show negligence on the part of defendant.

There is much authority in support of this view. In *McGrath* v. *N. Y. C. & H. R. R. R. Co.* (63 N. Y. 522) it was held that a violation of an ordinance of a municipality regulating the speed of trains through it is some evidence upon the question of negligence and must be submitted to the jury. And that rule has been followed since in a long line of railroad cases.

In *Knupfle* v. *Knickerbocker Ice Co.* (84 N. Y. 488) an ordinance of the city of Brooklyn prohibited the leaving of horses attached to vehicles in any street, unless there were a person in charge or the horses were secured to a tying post. The violation of that ordinance by the driver of a wagon of defendant resulted in a runaway and the killing of a child, for which recovery was had and sustained. This court held that while the disregard of the ordinance was not conclusive evidence of negligence, yet it was some evidence for the consideration of the jury.

In *McRickard* v. *Flint* (114 N. Y. 222) the owner of a building neglected to comply with a statutory requirement that an elevator shaft should be protected by a railing and trap doors approved by the superintendent of buildings, and that such trap doors should be closed except when the elevator was in actual use. In an action for injuries, which would not have occurred if the statute had been complied with it was held that violation of the statute, while not conclusive, constituted some evidence of negligence, and was properly submitted to the jury.

In *Graham* v. *Manhattan Ry. Co.* (149 N. Y. 336) it appeared that a statute required that there should be gates on elevated trains and that they should be kept closed while the car was in motion; and it was held that a failure on the part of defendant to obey this statute constituted evidence of neg-

ligence toward a passenger who was injured while trying to
save himself from being pushed from the platform by a
movement of the crowd.

*Willy* v. *Mulledy* (78 N. Y. 310); *Pauley* v. *S. G. &
L. Co.* (131 N. Y. 90); *Huda* v. *American Glucose Co.* (154
N. Y. 474) and *Stewart* v. *Ferguson* (164 N. Y. 553), referred
to by Judge HAIGHT, tend in the same direction.

I concur with Judge HAIGHT for affirmance.


O'BRIEN, J. (dissenting). This case presents but a single
question and it is quite important to keep that question clearly
in view and avoid confusing it with other questions. The
question is, whether the employment of a boy thirteen years
and nine months of age is in and of itself proof of negligence
in an action against the master. No one denies the proposi-
tion that the employment of a boy of tender years to work
upon a dangerous machine, without giving him proper instruc-
tions, constitutes some proof of negligence, without any
statute on the subject. But that principle has no application
to this case for the reason that no one claims, or can claim,
that a printing press with the power cut off is a dangerous
machine, or that the plaintiff needed any instructions as to
how it could be cleaned, for he had, at the time of the acci-
dent, been engaged in doing that very thing for a month.
The plaintiff was nonsuited at the trial, but the learned
Appellate Division reversed the judgment, and the ground
upon which it was reversed is very clearly and concisely
stated in the opinion, as follows: "We agree with the court
below that there was no evidence to show that the injury to
the plaintiff was caused by the negligence of the defendant,
unless the evidence that the plaintiff was employed in a
factory in violation of § 70 of the Labor Law (Ch. 415,
Laws of 1897) justified a finding that the defendant was
guilty of negligence." Here we have the precise question
in this case stated in such a manner that it is impossible
to confuse it. I do not think that the mere employ-
ment of the plaintiff, although in violation of the Labor Law,

was any proof of actionable negligence. The rule on that
subject is well stated in a recent work on the law of negli-
gence, in which the learned author has exhaustively considered
the subject in all its aspects and various distinctions, and the
rule with respect to the question involved in this case is stated
in the following terms : " There are many statutes and munici-
pal ordinances which forbid the doing of acts the violation of
which does not necessarily give any right of action in favor
of private individuals; the offense being against the public to
be redressed in the one case in a criminal prosecution or in an
action brought in behalf of the State by the attorney-general,
and in the other by a prosecution in a municipal court. And
it may be stated as a general proposition, though there may
be difficulty in some cases in applying it, that the violation of
a statute or municipal ordinance is not of itself a cause of
action grounded upon negligence in favor of an individual
unless the statute or ordinance was designed to prevent such
injuries as were suffered by the individual claiming the dam-
ages and often not then, the question depending upon judicial
theories and surmises." (1 Thompson on Negligence, § 12.)
In *Knisley* v. *Pratt* (148 N. Y. 372) a young woman lost her
arm while working upon a punching machine in a hardware
factory. The Factory Act required the cog wheels of such
machines to be guarded, and the injury occurred through the
lack of such guard in cleaning the machine while in motion.
There was in that case a clear omission to observe the provi-
sions of the Factory Act, and yet it was held that the master
was not liable. It is no answer to the decision in that case to
say that the injured girl was over 21 years of age, since the
statute was as clearly violated as to a person of that age as of
any other. The matter of age did not enter into the question
at all. The sole question was whether the statute created a
cause of action in favor of the injured party, and it was held
that it did not.

So in this case the judgment must stand or fall upon the
undisputed fact that, at the time when the plaintiff was put
to work in the printing establishment of the defendant, he was

under the age of fourteen years. He was over thirteen, but lacked a few months of fourteen. It does not appear that the defendant knew anything about the age of the boy or that he made any inquiries on that subject. The statute, which is known as the Factory or Labor Law, enacts that "A child under the age of fourteen years shall not be employed in any factory of this State." (L. 1897, ch. 415, § 70.)

It is assumed for all the purposes of this case that the violation of this provision of the statute subjects the employer to some penalty, civil or criminal. The real question, however, is whether it subjects the employer to a civil liability under the general law of negligence. There is nothing in the statute from which it can be inferred that the legislature intended to repeal or change any of the rules of law which, prior to its enactment, were settled in actions of negligence. There is nothing in the statute to indicate that the legislature intended to create any new cause of action or any new ground of civil liability. It sought to regulate the employment of labor in factories and otherwise to a considerable extent, but it left actions for personal injuries on the ground of negligence just where they were before. Now what has been decided in this case is that the mere fact of the employment of the plaintiff upon a printing press before he had arrived at the age of fourteen years, was such proof of negligence on the part of the defendant as would authorize a jury to render a verdict against him for the damages that the plaintiff sustained in consequence of the injury. That is the proposition which this appeal presents. It is quite obvious that the employment of a lad between thirteen and fourteen years of age to work around a printing press is not an act which at common law was any proof of negligence. The employment of boys under that age at some suitable work did not ordinarily subject the employer to civil liability for accidents that might happen to them in the performance of their work. It is true that if a boy of tender years was put upon work at dangerous machinery, not being apprised of the danger or instructed in the manner of using the machine, the master

could be held liable for negligence in that respect, but this case does not involve any question of that kind. It is not claimed that the work itself was dangerous or unsuitable for a boy of plaintiff's age. It is not claimed that the machine itself was dangerous when in operation or otherwise, and certainly it is not claimed that when the power was shut off and the machine was completely stopped that it was dangerous to employ the plaintiff in cleaning it, so the defendant's liability, if he is liable at all, must rest upon the fact that he disobeyed the statute.

Thus the question arises here whether every act which is forbidden by law with a penalty, civil or criminal, attached, subjects the doer of the act to civil damages at the suit of another party claiming to be injured by the act. There are numerous statutes that prohibit the doing of certain acts, with civil or criminal penalties attached, which are not in their nature or character negligent acts. For instance, a witness who signs a will without attaching his place of residence to his signature is subjected to a penalty, but no one, I think, would suppose that his omission was of such a character as would subject him to an action of negligence at the suit of some one claiming to be injured. There are a multitude of police regulations, revenue laws and game laws that forbid the doing of certain things, and penalties, civil or criminal, or both, are prescribed for a violation; but it would be difficult to show that negligence could be predicated of the act in addition to the penalties. They are generally acts that are *mala prohibita* and not *mala in se*. It is, doubtless, within the power of the legislature to change the law of evidence as applicable to negligence and to prescribe that the violation of a statute shall be followed by civil liability at the suit of the person injured, but nothing of that kind is to be found in the statute in question. A negligent act must be determined from its real character and nature with reference to the duties imposed upon the actor by law and is not to be predicated upon the mere violation of some statute unless the prohibition is of an act which was negligent before

the statute was passed or was some proof of negligence; for instance, it has been held that the violation of a municipal ordinance prohibiting a party from allowing horses to stand untied in the street was proof of negligence, but that would be so if the ordinance never had been passed. In *Willy* v. *Mulledy* (78 N. Y. 310) a fire took place in one of the lower stories of a tenement house and the plaintiff's wife and child were smothered to death. It seems that the charter of the city required owners of tenement houses to have places of egress to the roofs and also fire escapes, which had not been complied with, and it was held that the defendant was civilly liable and the plaintiff was permitted to recover. That was a case where the statute came in to help the common law. A person who lets a house to tenants without any means of escape from fire does not perform his duty to the tenant and may be held liable for negligence without any statute. The case of *Stewart* v. *Ferguson* (164 N. Y. 553) was one in which a person was injured by the fall of a scaffold on which he was at work. Section 18 of the Labor Law prohibited persons employing laborers to work upon a scaffold from furnishing unsafe, unsuitable or improper scaffolding. It was held in that case that the plaintiff could recover, but he could recover just as well before the statute upon proof that the scaffold was unsafe or made of unsuitable materials. That was not a case where the statute created a cause of action. So it is with respect to all the cases cited. None of them establishes the proposition which is contended for in this case, namely, that the violation of a statute forbidding the employment of persons under fourteen years of age is *per se* proof of negligence. It will not do to say that there was a question of fact, for there was none. There was no dispute about the violation of the statute, and its violation proved negligence or it did not. If it did, then the plaintiff was entitled to recover as matter of law, and there was nothing for the jury to do except to assess the damages. If it did not prove negligence then the action failed.

There are many statutes which prohibit the taking of fish and game at certain seasons of the year and subject persons who violate those statutes to civil or criminal penalties; but no one, I think, would claim that if the hunter or fisherman who was engaged in violating the law inflicted an injury upon his attendant or helper, that the violation of the law would have anything to do with his liability for the injury. Smuggling or the violation of revenue laws is an act which is forbidden by statute, but if a person engaged in violating the statute should inflict an injury upon another, the character of the injury, whether actionable or otherwise, would not depend in any degree upon the fact that he was at the same time engaged in violating some law. In other words, penal or prohibitory statutes, as a general thing, are intended to regulate the conduct of individuals, and the violation of such laws may subject the individual to liability to the state, but it does not necessarily follow that as between himself and his neighbor it is an act of negligence that may be made the foundation for civil liability. The legislature once made it a crime to feed a sparrow (L. 1887, ch. 641), but no one, I think, would ever contend that a violation of that statute constituted actionable negligence in a suit by any one. The legal consequences of the violation of a statute forbidding some act that but for the statute was perfectly lawful, do not extend beyond the statutory penalty.

Hence it follows that the violation by the defendant of the Labor Law, while it may have subjected him to the penal consequences prescribed, did not prove or tend to prove that he thereby incurred a liability to the plaintiff on the ground of negligence. This principle is illustrated in a great variety of cases that arose under statutes of the same character. In *Brown* v. *Buffalo and State Line R. R. Co.* (22 N. Y. 191, 198) this court quoted a remark of the court in *People* v. *Stevens* (13 Wend. 341): "Where a statute creates a new offense, by making that unlawful which was before lawful, and prescribes a particular penalty and mode of proceeding, that penalty can alone be enforced." The language of Lord

35

MANSFIELD in *Rex* v. *Robinson* (2 Burr. 800) was also quoted: " The rule is certain that where a statute creates a new offence, by prohibiting and making unlawful anything which was lawful before, and appoints a specific remedy against such new offence (not antecedently unlawful), by a particular sanction and particular method of procedure, that particular method of proceeding must be pursued and no other." And also the language of Chief Justice HOLT in *Bartlett* v. *Vinor* (Carth, 252): " A penalty implies a prohibition, though there be no prohibitory words in the statute." The court then proceeded to state that " the principle is a very ancient one, and has never been departed from. It is a most rational interpretation of the lawmaking power. On passing the act or the ordinance in a case where the thing prohibited was lawful before, the lawmakers say to each member of the community, if you do this thing, and as often as you do it, you shall pay such penalty. That is the whole of it. The act of the defendant in this case, of running their train faster than six miles an hour, was, indeed, unlawful, but no more so than if there had been no prohibition in express terms in the ordinance. * * * The act was unlawful, *sub modo*, not in an absolute sense, so as to make the defendant liable to third parties for all its consequences, but it was unlawful as being prohibited by a law, which declared the consequence of every act of violation of its provisions to be the payment of a specific sum of money by way of penalty." A statute of this state (Penal Code, § 363) makes it a misdemeanor for a person who transacts business to use the designation " & Company " or " & Co." when no actual partner or partners are represented thereby. This court held in a recent case that an executory contract or agreement executed in such a name in violation of the statute could be enforced and that a violation was no defense. Judge GRAY said that " It simply made it a misdemeanor to do what was therein specified and that is all. To extend its operation as far as the plaintiff would have it would be to give a construction to it which would permit of its injurious operation upon persons whose dealings with

the guilty party had been made in entire good faith. Such a construction would be foreign to the purpose of the enactment, contrary to public policy and without support in legal principles." (*Sinnott* v. *German American Bank*, 164 N. Y. 391.) Practically the same doctrine was announced in a prior case. (*Gay* v. *Seibold*, 97 N. Y. 472.) So it was held in the case of *Wood* v. *Erie Ry. Co.* (72 N. Y. 196) that it is no defense to an action against a common carrier for the loss of goods to show that the owner was doing business in violation of that statute and shipped the goods under the fictitious name ; so the conclusion is reached that in this case the defendant simply subjected himself to whatever penalty the law fixed to the prohibited act, but his violation of the statute did not create a cause of action in favor of the plaintiff for the recovery of civil damages on the ground of negligence.

The judgment of the Appellate Division should, therefore, be reversed and that entered on the decision of the trial court affirmed, with costs.

GRAY, J. (dissenting). I concur with the opinion of Judge O'BRIEN that the order of the Appellate Division should be reversed and that the judgment entered upon the decision of the trial court, dismissing the complaint, should be affirmed.

Briefly, my reasons are these : A breach of a statute, which imposes a duty upon any person, may give a cause of action for damages to one who has an interest in its observance, when he shows that the injury was the direct, or necessary, result of the breach. (*Willy* v. *Mulledy*, 78 N. Y. 310 ; *Huda* v. *American Glucose Co.*, 154 ib. 474.) This is the reasonable doctrine of our decisions and this court has not, as yet, gone so far as my brother HAIGHT would have it go ; that is to say, to the extent of holding that the breach of a statutory duty subjects the offender to a civil liability for an injury sustained, even if, as in this case, it is not referable to the breach as a cause. The plaintiff should not have been employed by the defendant and for a violation of the law, in that respect, the defendant rendered himself amenable to the

punishment prescribed by the statute, and, undoubtedly, if there could have been a direct connection between the illegal employment and the injury suffered by the plaintiff, proof of the illegal employment would be proof of the defendant's negligence to be submitted to the jury. Such was the question in the case of *Huda* v. *Glucose Company ;* where the windows of a factory were screwed down, for the furtherance of manufacturing purposes, and the plaintiff had contended that the statute relating to fire escapes had been violated and gave to her a cause of action. In *Willy* v. *Mulledy* the failure to comply with the statute relating to fire escapes was held to render the defendant liable for the damages caused by the death of the plaintiff's wife, as the result of a fire in the building where they were dwelling and with respect to which the statute had not been complied with.

In those cases, as in that of *Stewart* v. *Ferguson,* (164 N. Y. 553), the breach of the statutory obligation to provide for the safety of others, who had a special interest in its observance, had some direct relation to, or bearing upon, the result of the injury to them. But, in the present case, the plaintiff's injury was unexplained. The machine was not in motion at the time and the power was cut off. The place was, therefore, safe enough and no affirmative act of negligence can be chargeable to the defendant, under the circumstances disclosed by the proof ; unless the mere violation of the statute is held to constitute such, and that, I think, is an unsound proposition. It is contrary to the ordinary rules of law in such cases and, in my opinion, it is giving an unwarranted operation to the statute. The cause of the injury was not the employment of the boy.

MARTIN, VANN and CULLEN, JJ. (and PARKER, Ch. J., in memorandum), concur with HAIGHT, J. ; GRAY and O'BRIEN, JJ., read dissenting opinions.

Order affirmed, etc.