(110 App. Div. 501)

RAHN v. STANDARD OPTICAL CO.

(Supreme Court, Appellate Division, Fourth Department. January 3, 1906.)

1. MASTER AND SERVANT—INJURIES—QUESTION FOR JURY.
    In an action for injuries to a servant, evidence considered, and held, that the question whether the servant was operating a certain saw with defendant's permission was for the jury.

    [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 1004, 1005, 1087.]

**2. SAME—CONTRIBUTORY NEGLIGENCE.**

In an action for injuries to a servant while operating a circular saw, evidence considered, and *held*, that the question of contributory negligence was one for the jury.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 1098–1105.]

**3. SAME—ASSUMED RISK.**

In an action for injuries to a servant while operating a circular saw evidence considered, and *held*, that the question of assumed risk was one for the jury.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 1079–1082.]

**4. SAME—AGE OF SERVANT.**

In an action for injuries to a minor servant while operating a circular saw, questions of contributory negligence and assumption of· risk were to be considered in connection with his age.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 601–609; 687–700.]

McLennan, P. J., and Nash, J., dissenting.

Action by John M. Rahn, by John F. Rahn, his guardian ad litem, against the Standard Optical Company. Motion for a new trial upon plaintiff's exceptions, taken at the trial and ordered to be heard in the first instance by the Appellate Division. Exceptions sustained, and motion granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

W. S. Moore, for plaintiff.

Backenstose & Keyes, for defendant.

WILLIAMS, J. The exceptions should be sustained, and motion granted, with costs to plaintiff to abide event.

The action is to recover damages for injuries to the plaintiff, alleged to have been the result of the defendant's negligence. The injuries were to the plaintiff's hand, received in the operation of a circular saw in defendant's factory. The plaintiff commenced work in the factory March 26, 1902, and continued to work there until the accident, May 26, 1902. His work was the polishing of temples to eyeglasses or spectacles. There were a large number of persons so employed in the same room. In this work a small stick was used, which had to be replaced occasionally. At the time of the accident there was a new man working at plaintiff's side. He needed a stick and applied to the foreman for one. The foreman told him to have plaintiff get him a stick; that he knew where they were. The plaintiff, upon receiving this word, left his place, went into another room in the factory, took some lumber, and went to sawing out some sticks. While so engaged he received the injuries complained of. During the time he worked for defendant, plaintiff was between 15 and 16 years of age. His sixteenth birthday was August 23, 1902. No certificate under the labor law was procured.

Negligence on the part of the defendant was based upon three allegations: (1) That plaintiff was employed without the certificate under sections 70–72, Labor Law (chapter 415, p. 477, Laws 1897). (2)

That plaintiff was permitted to operate a dangerous machine in violation of section 81, Labor Law (as amended by chapter 192, p. 353, Laws 1899). (3) That plaintiff was not instructed as to the manner of operating the saw and the dangers incident thereto.

There can be little doubt, under the evidence, as to the facts upon which these propositions were based. Certainly there was evidence making them questions for the jury. The plaintiff was under 16 years of age, and no certificate had been obtained under sections 70–72, Labor Law. The saw was a dangerous machine, and the plaintiff was permitted to operate it. His principal business was polishing temples, but he was employed to do whatever he was directed to do by the foreman. He had done other work aside from polishing temples, and he had on several occasions, with the knowledge and by direction of the foreman, operated the saw in question. He had sawed out sticks before, though not this particular kind of sticks. He was directed to get a stick for the new employé, and, there being none on hand, he undertook to saw out some, as he had before done with reference to other sticks used in the factory. It was at least a question for the jury whether he was not, on the occasion of the accident, operating the saw with the permission of the defendant. Assuming these facts to have been found by the jury, the negligence of the defendant would be a question of fact for the jury, and could not be determined by the court as a matter of law. Marino v. Lehmaier, 173 N. Y. 530–538, 66 N. E. 572, 61 L. R. A. 811; Gallenkamp v. Garvin M. Co., 91 App. Div. 141, 86 N. Y. Supp. 378; Sitts v. Waiontha Knit. Co., 94 App. Div. 38, 87 N. Y. Supp. 911, and the cases therein referred to. The jury might readily find, if the defendant was guilty of negligence, as alleged, that such negligence was the cause of the injury.

The questions of contributory negligence and assumed risk were also for the jury. The plaintiff was a young boy, not a man, and these questions are to be considered in view of his age. He had never been instructed as to the care necessarily required in operating the saw and adjusting and holding the board in place. It could not be held as matter of law that he fully understood and appreciated the dangers incident to the want of care in adjusting the board and holding it in place while the saw was being operated. He did not deliberately or intentionally bring his hand in contact with the saw. In some way he failed to hold the board steady, and it was thrown aside and his hand drawn against the saw. Whether he assumed the risk of such an accident, whether he was guilty of contributory negligence in operating the saw, were under all the circumstances surrounding him questions of fact for the jury, and not of law for the court. See cases above cited and the other cases therein referred to.

Plaintiff's exceptions sustained, and motion for new trial granted, with costs to the plaintiff to abide the event. All concur, except McLENNAN, P. J., and NASH, J., who dissent.