(50 Misc. Rep. 331)

### REGLING v. LEHMAIER et al.

(Supreme Court, Appellate Term. April 24, 1906.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—VERDICT—WEIGHT OF EVIDENCE.

Plaintiff's hand was smashed by the plunger of a tin stamping machine, and in an action for such injuries she testified that some two weeks prior to the accident she found that the machine would start and stop itself without any movement of the controlling levers; that she notified the foreman, who repaired the defect, and he directed plaintiff not to use a stick to unclog the machine, but to use her hand, and that the injury occurred while plaintiff was endeavoring to remove a piece of tin with her hand while the machine had been stopped, and without any movement of the starting lever. Defendants' witnesses testified that the machine was not out of order, and that plaintiff negligently used her hand when she had been threatened with dismissal if she failed to use the stick provided for that purpose. *Held*, that plaintiff's story was not so inherently improbable that a verdict in her favor could be disregarded as against the weight of the evidence.

2. SAME—EMPLOYMENT OF MINORS—NEGLIGENCE.

Where defendant employed plaintiff, a girl under 16 years of age, to operate a dangerous tin stamping machine, in violation of Laws 1899, p. 353, c. 192, § 81, such employment was evidence of negligence in an action for injuries to plaintiff while operating the machine.

3. SAME—ADEQUATE APPLIANCES.

Where, in an action for injuries to a female child under 16 years of age, negligently employed to operate a dangerous machine, as provided by Laws 1899, p. 353, c. 192, § 81, plaintiff testified that her foreman had directed her to use her hand to unclog the machine, and not a stick provided by the master for that purpose, the fact that the master had provided such stick which if used would have furnished adequate means to prevent the accident did not, as a matter of law, absolve him from negligence.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 1086.]

4. SAME—CONTRIBUTORY NEGLIGENCE.

Plaintiff's obedience of the foreman's direction to unclog the machine with her hand instead of using the stick was a circumstance bearing on the absence of contributory negligence on her part as a matter of fact.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 940.]

5. TRIAL—INSTRUCTIONS—MODIFICATION—REQUESTS.

In an action for injuries to a minor servant there was an issue whether plaintiff had or had not represented her age to be 16 years when she was employed; the dispute being as to defendant's claim that plaintiff had written her age on a card handed her by the foreman at the time. The court charged that the fact that she put her age down as 16 years without more would not excuse defendants from complying with Laws 1899, p. 353, c. 192, § 81, prohibiting the employment of children under 16 years of age to operate dangerous machinery. Defendants' counsel excepted only to that part of the charge in which the court said that plaintiff's "writing her age did not excuse the defendants." *Held*, that such exception was not sufficient as a request for a modification of the charge that plaintiff's statements of her age might be considered on the question of negligence.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 646.]

Appeal from City Court of New York, Trial Term.

Action by Emma Regling against James M. Lehmaier and others. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Fred. E. Fishel, for appellants.

August P. Wagener, for respondent.

BISCHOFF, J. The plaintiff was injured when operating a machine in the defendants' factory, at a time when she was under the age of 16 years, and the action proceeded upon the theory of negligence arising through the defendants' violation of the statute (Laws 1899, p. 353, c. 192, § 81) relative to the employment of children in the operation of dangerous machines, as well as through the alleged failure of these employers to provide a safe place of work. The machine was a device for stamping or shaping tin cups, was operated by steam, and consisted of cylinders, each fitted with a plunger, which pressed the tin discs, supplied automatically, upon a die affixed to the table which formed the base of the machine. Sticks were provided for the purpose of enabling the operator to loosen such of the tin discs as

might become wedged, and there were two control levers on the table, one near the plaintiff, to stop the machine, and the other, to start as well as to stop it, at the place occupied by another operator. From the plaintiff's testimony it appeared that at a time some two weeks prior to the accident she found that the machine would start and stop itself without any movement of the control levers, and that she notified the foreman, who said he would fix it, which he did, and also told the plaintiff not to use the stick to dislodge the tin cups, but to use her hand, as the stick would injure the die. The injury was testified to have occurred through the fall of the plunger upon the plaintiff's hand, when she was trying to loosen a piece of tin, while the machine had been stopped, but without any movement of the starting lever. The defendants' witnesses gave testimony to the effect that the machine was not out of order; that the plaintiff, instead of being told to use her hand upon the machine, had been threatened with dismissal if she failed to use the stick which was provided; and that the injury was due to her placing her fingers in the machine when it was actually in operation.

We find no inherent improbability in the plaintiff's story such as should lead us to say that the jury, when accepting her testimony, disregarded the weight of the evidence, and there was clearly sufficient proof to support a finding of the defendants' negligence and of the plaintiff's freedom from contributory negligence. This was a machine of a dangerous character, as the term is usually understood, and the fact of the plaintiff's employment to operate it, when under the age required by the statute, was evidence of negligence, to be considered by the jury in connection with the other facts in the case (Marino v. Lehmaier, 173 N. Y. 530, 66 N. E. 572, 61 L. R. A. 811), while the extent of the plaintiff's assumption of the risk of injury from the machine was necessarily for the jury. Thus that the act of the foreman in directing the plaintiff not to use the stick provided for her safety, treated as the act of a fellow servant merely, led to the injury which the master had furnished adequate means to prevent, would not, as matter of law, absolve the defendants in such a case from the charge of negligence, and the plaintiff's obedience to the foreman's direction was a circumstance favoring the absence of contributory negligence as a matter of fact.

A point is made that reversible error was committed in the charge to the jury. There was an issue whether the plaintiff had or had not represented her age to be 16 years when she was employed; the dispute being as to the defendants' claim that she had written her age, as well as her name and address, upon a card handed her by the foreman at the time. The plaintiff testified that she did not write the words stating her age, and the question was simply one of credibility, which the jury, with the writing before them, could intelligently decide. The court in the course of the colloquial charge said upon this subject:

"That fact, gentlemen of the jury, would not excuse the defendants; even assuming that the child put down her age as sixteen years; there was something more and further required of the defendants in order to comply with the statute which I have read you."

It may well be that this instruction was open to modification in so far as it failed to leave to the jury directly the question whether, in the

light of the plaintiff's representation of her age, if found to have been made, the defendants were negligent when violating the statute; the fact of negligence through the violation being, as noted, for the jury to decide, in connection with all the circumstances of the case. The charge as quoted simply related to the bearing of the plaintiff's representation upon the fact of the defendants' compliance with the statute, and so far it was not erroneous; but the defendants did not present the point to the court that the statement of her age by the plaintiff should be considered upon the question of negligence, the words of counsel being only, "I except to that part of your honor's charge in which you said her writing her age did not excuse the defendants." The correct proposition being that the defendants were not, as matter of law, to be deemed excused, but that the plaintiff's statement of her age might be considered upon the question of negligence, this exception, accompanied by no suggestion of a modification of the charge, cannot properly be deemed sufficient present error to justify a reversal of the judgment.

We conclude that the judgment should be affirmed, with costs. All concur.