### DRAGOTTO v. PLUNKETT.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

MASTER AND SERVANT—INJURIES TO INFANT SERVANT—CONTRIBUTORY NEGLIGENCE—ASSUMPTION OF RISK.

> Where a child between the ages of 14 and 16 is employed, in violation of Labor Law, Laws 1897, p. 477, c. 415, §§ 70, 71, as amended by Laws 1903, p. 437, c. 184, and Laws 1905, p. 1179, c. 518, forbidding the employment of children between the ages of 14 and 16 without a certificate from a health officer, it cannot be held as a matter of law that the child was guilty of contributory negligence, or assumed the risk obvious or incident to the employment.

Appeal from Special Term, Kings County.

Action by Philippo Dragotto, an infant, by Salvatore Dragotto, his guardian ad litem, against Charles Plunkett. From an order denying a motion to strike out an allegation of a complaint, defendant appeals. Affirmed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

E. Sidney Berry, for appellant.
James C. Cropsey, for respondent.

MILLER, J. The defendant in a negligence action seeks to settle the law in advance of the trial by a motion to strike out an allegation of the complaint to the effect that the plaintiff, being between the ages of 14 and 16 years, was employed by the defendant in violation of sections 70 and 71 of the labor law (chapter 415, p. 477, of the Laws of 1897, as amended by chapter 184, p. 437, of the Laws of 1903, as amended by chapter 518, p. 1179, of the Laws of 1905). The con-

tention of the defendant is that, as a minor between the ages of 14 and 16 years may be employed in case the proper certificate is issued and filed, the mere failure to obtain the certificate cannot have had anything to do with the injury to the plaintiff; but the issuance of the certificate, instead of being a mere formality, is carefully guarded. Among other things, the statute provides that the officer issuing it must make and file in his office a statement respecting the child's ability to read and write, its age, its development, its health, and its physical ability to perform the work which it intends to do. The effect of the employment of a child under 14 years of age in violation of the statute was considered in Marino v. Lehmaier, 173 N. Y. 530, 66 N. E. 572, 61 L. R. A. 811, which held such employment to be evidence of negligence, and that it could not be held as matter of law that a child thus employed was guilty of contributory negligence, or assumed the risks obvious or incident to the employment. In Sitts v. Waiontha Knitting Co., Ltd., 94 App. Div. 38, 87 N. Y. Supp. 911, it was said that the rules laid down in the Marino Case were applicable to such a case as the present. It is true, as urged by the appellant, that this statement was dictum, but we think it correctly states the law applicable to the case at bar, and that proof of the allegation sought to be stricken from the complaint would establish presumptively that the plaintiff did not possess the judgment, discretion, care, and caution necessary for engagement in the vocation for which he was employed. It necessarily follows that the motion was properly denied.

The order should be affirmed, with $10 costs and disbursements. All concur.