had usually been rented for the summer only—a reason for making particular inquiry in reference to the heating system. It is not denied that the plaintiff's agent represented to the defendant before the lease was signed that the house had been put in perfect order. The plaintiff says that the roof leaked because one of his workmen had driven a nail in it, leaving a hole, but it is undisputed that the defendant called his attention to it, and that he did not repair it. I do not think that she was bound to do more than that. Moreover, the condition of the cesspool was one not discoverable on inspection unless the premises happened to be in use. It was a serious defect, and I think one which the plaintiff was bound to disclose. It appears that the house was damp and cold, that the defendant contracted an illness, and that she moved on the advice of her physician.

While the law of this state undoubtedly is that there is no implied covenant on the part of the lessor to repair, and no implied representation that the premises are tenantable (Franklin v. Brown, 118 N. Y. 110, 23 N. E. 126, 6 L. R. A. 770, 16 Am. St. Rep. 744; Daly v. Wise, 132 N. Y. 306, 30 N. E. 837, 16 L. R. A. 236), that rule has no application where there is fraudulent misrepresentation or concealment. If the lessor knows of a hidden defect, his concealment of it is fraudulent; and, of course, if he knowingly make actual misrepresentations, he is guilty of fraud. I think the preponderance of the evidence in this case shows that the plaintiff did practice deceit upon the defendant, that he did lead her to think that the heating apparatus was adequate to heat the house, and that he knowingly concealed the fact that the cesspool was inadequate. It may be that the rule declared by Chief Baron Abinger respecting the letting of a ready furnished house (Smith v. Marrable, 11 M. & W. 5) is not the law of this state (see Franklin v. Brown and Daly v Wise, supra); but I think there is a distinction between the letting of an unfurnished house and one furnished ready for occupancy, and that, where misrepresentation and deceit are claimed, the fact that the house is being let furnished ready for occupancy is a circumstance to be weighed in determining the question of fact.

I think the verdict of the jury is so plainly against the weight of evidence as to require a new trial.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event. All concur.

---

### KIRCHER v. IRON CLAD MFG. CO.

(Supreme Court, Appellate Division, Second Department. October 8, 1909.)

1. MASTER AND SERVANT (§ 95\*)—STATUTORY REGULATIONS—AGE OF EMPLOYÉ.

The gist of a master's civil liability for violating Labor Law (Laws 1897, p. 494, c. 415) § 162, as amended by Laws 1903, p. 547, c. 255, § 1, prohibiting the employing of any one under 16 years of age in a mercantile establishment, without a certain certificate of the health authorities, is his negligence in employing a person of such tender years that the Legislature has forbidden his employment, and, to relieve the master from such imputation of negligence, the jury must be able to find that he believed and was justified in the belief that the servant was of the prescrib-

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ed age for work; the employment in and of itself making out a prima facie case of negligence against the employer.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 95.*]

2. MASTER AND SERVANT (§ 289*)—STATUTORY PROVISIONS—AGE OF SERVANT.

The statute itself in effect determines that a child under 16 years of age employed in a mercantile establishment is not as matter of law chargeable with contributory negligence.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 289.*]

Burr, J., dissenting.

Appeal from Trial Term.

Action by Ferdinand Kircher, as administrator of Henry Ferdinand Kircher, against the Iron Clad Manufacturing Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and GAYNOR, BURR, RICH, and MILLER, JJ.

Abram I. Elkus (Carlisle J. Gleason, on the brief), for appellant.

William J. Courtney, for respondent.

GAYNOR, J. No one saw the accident happen, and there is no evidence showing what caused it. There was nothing the matter with the elevator or its machinery. The defendant was prohibited by section 162 of the labor law (Laws 1897, p. 494, c. 415, as amended by Laws 1903, p. 547, c. 255, § 1) from employing any one under 16 years of age in its mercantile establishment, without a certain certificate of the health authorities, and the deceased was between 14 and 15 and no such certificate had been issued. The rule applicable seems to be the same as that applicable to section 70 of the labor law (Laws 1897, p. 477, c. 415, as amended by Laws 1903, p. 437, c. 184, § 1), which is a similar prohibition against employing children to work in factories. Under this rule "the gist of civil liability is the negligence of the master in employing a person of such tender years that the Legislature has forbidden his employment," and to relieve the employer from such imputation of negligence the jury must be able to find that "the employer believed, and was justified in the belief, that the employé was of the prescribed age for work." Koester v. Rochester Candy Works, 194 N. Y. 94, 87 N. E. 77. That is to say, the employment in and of itself makes out a prima facie case of negligence against the employer, and he has to rebut it by showing justification for believing the employé to be of the lawful age. That question went to the jury in this case, and was found against the defendant on sufficient evidence. The question whether the defendant sufficiently instructed the deceased was also litigated and sent to the jury. It is not easy to see how the question of failure to instruct can be in a case where the employer is liable by the mere fact of wrongful violation of the statute, but no one is in a position to raise it here. Nothing can be gained, it seems to me, by a review of the decisions in this state under this and similar statutes. The one already cited, and that in Marino v. Lehmaier, 173 N. Y. 530, 66 N. E. 572, 61 L. R. A. 811, seem to be decisive. It is strongly urged for the defendant that a nonsuit should

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

have been granted for the reason that there was no evidence showing that the deceased was free from contributory negligence; but it was held in the Marino Case that that power was taken away from the court by the effect of the statute. The Koester Case confirms this, and further that the unlawful employment makes out a prima facie case for the plaintiff.

The judgment should be affirmed.

Judgment and order affirmed, with costs.   HIRSCHBERG, P. J., and RICH and MILLER, JJ., concur in result.

BURR, J. (dissenting). I dissent, and think that the motion to set aside the verdict and for a new trial should have been granted, first, because the overwhelming weight of evidence is to the effect that plaintiff's intestate was physically competent, and did "possess the judgment, discretion, care, and caution necessary" to justify his engagement to operate an elevator in the defendant's establishment, which, as the evidence showed, was properly constructed and installed and in perfect order; second, because there is not the slightest evidence from which the jury could determine how the accident happened which resulted in his death, and therefore it was impossible for it to find from the evidence that defendant's negligence was the proximate cause of this accident; third, because there is no evidence from which the jury can find that the decedent was free from negligence contributing to the injury.

The labor law provides, in substance, that no child under the age of 16 years shall be employed in any mercantile establishment unless an employment certificate issued as provided in said law shall have been theretofore filed in the office of the employer at the place of employment of such child. Laws 1897, p. 494, c. 415, §§ 162, 163, as amended by Laws 1903, p. 547, c. 255, § 1. The employment certificate referred to is issued upon the application of the child's parent by the department of health of the city where such child resides or is to be employed. The evidence establishes that the decedent at the time of his employment was about 15 years of age. There is no absolute prohibition in the statute against the employment of a child of that age, but only against such employment without the performance of the condition precedent relating to the filing of the certificate above referred to. So far as the evidence discloses, the obtaining of the certificate would have been a matter of absolute right on the part of the boy and his parents if application had been made for it. The answer admits that the defendant did not obtain from the health authorities such certificate, but there is no admission nor any evidence that such certificate was not obtained by the parents of such child. The mere failure to file such a certificate if it had been obtained would not enlarge the common-law liability of the defendant. Lowry v. Anderson, 96 App. Div. 465, 89 N. Y. Supp. 107. If we concede, however, that a prima facie case against the defendant was made out by proof of its failure to require the filing of such certificate (Draggotto v. Plunkett, 113 App. Div. 648, 99 N. Y. Supp. 361; Lee v. Sterling Silk Manufacturing Co., 115 App. Div. 589, 101 N. Y. Supp. 78; Marino v. Lehmaier, 173 N. Y. 530, 66 N. E. 572, 61 L. R. A. 811;

Koester v. Rochester Candy Works, 194 N. Y. 92, 87 N. E. 77), such prima facie case rested on the presumption that "a child under the age specified presumably does not possess the judgment, discretion, care, and caution necessary for the engagement" in which he was employed, and was not physically fit for the same. That presumption was completely overcome by evidence on the part of the plaintiff to the effect that he was nearly 15 years of age, was a "strong, healthy boy," was "quite tall," was "about five feet in height," and weighed perhaps "one hundred and twenty-five pounds"; and also by undisputed evidence offered by the defendant that he readily and aptly learned how to perform his duties in operating the elevator, which duties were very simple in character, and successfully and efficiently performed the same for a considerable period before the date of his injury. His ability to "read and legibly write simple sentences in the English language" concerning which the officials of the health department must inform themselves before issuing their certificate is a fact of no importance in this case, since it did not bear upon his physical ability nor mental qualifications to perform the work required of him. There was no evidence in the case that he did not possess this ability, and from the fact that he attended school until he was about 14 years of age a presumption would arise that such was the case. Therefore, although it may have been the duty of the trial court under the doctrine of the McDonald Case (McDonald v. Metropolitan Street R. Co., 167 N. Y. 66, 60 N. E. 282) to submit the question of the defendant's negligence to the jury, it was equally the duty of the learned trial justice to set aside the finding of the jury that such negligence existed, as against the weight of evidence, for such finding must have been based solely upon the fact that no certificate had been filed, since this was the only question upon that branch of the case submitted to the jury by the learned trial justice. Again, in the absence of any evidence as to the manner in which the accident resulting in the death of plaintiff's decedent occurred, how can it be said that the negligence of the defendant in employing him without requiring the filing of the certificate above referred to was the proximate cause of such accident? The labor law does not make mere employment in violation of its provisions a ground of liability. Koester v. Rochester Candy Works, supra. Such employment is at the most only an evidential fact in support of a conclusion of negligence. While it is true that if the decedent had never been employed in defendant's place of business he would not have been injured therein, such injury could not have occurred without the happening of some other intermediate active and efficient cause. The employment, it is true, made it possible for this cause to operate. It was not of itself the efficient and proximate cause. So, too, there was no evidence from which the jury could find that the decedent was free from contributory negligence. For anything that appears, he may have deliberately and willfully done something which brought about his own death, or he may have been seized with some sudden attack of illness and fallen, or he may have been attempting to do some rash and foolhardy thing at the time when the injury occurred. If it be true that the court could not say as matter of law that he was guilty of contributory negligence, the jury were bound to find his freedom from

contributory negligence, and to find this as a fact, and as a fact based upon and warranted by the evidence. Marino v. Lehmaier, supra; Lee v. Sterling Silk Manufacturing Co., supra. This finding of fact must be based upon some evidence pointing in that direction reasonable and sufficient in character. In this case there was none, and the burden of proof to establish this rested upon the plaintiff. To affirm the order denying a motion for a new trial in this case we must be prepared to hold that the mere fact of employment contrary to the provisions of the labor law is conclusive evidence both of defendant's negligence and the freedom from contributory negligence of plaintiff's intestate. The cases have not gone so far.