(83 Misc. Rep. 53.)

SOLOMON v. ROYAL ART GLASS CO.

(Supreme Court, Appellate Term, First Department. December 11, 1913.)

1. MASTER AND SERVANT (§ 95*)—LABOR LAW—EMPLOYMENT OF MINORS—PRE-SUMPTION OF NEGLIGENCE.

Labor Law (Consol. Laws 1909, c. 31) § 70, entirely prohibiting the employment of an infant under fourteen years of age, creates a presumption that an infant under that age does not possess the judgment and discretion necessary for such employment, and section 71, prohibiting the employment of an infant between 14 and 16, unless a certificate of his fitness is filed with the employer, creates the same presumption for unfitness for such work in the case of an infant between those ages, in the absence of the certificate.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 141, 160; Dec. Dig. § 95.*]

2. MASTER AND SERVANT (§ 95*)—LABOR LAW—EMPLOYMENT OF MINOR—BE-LIEF AS TO AGE.

Under Labor Law (Consol. Laws 1909, c. 31) § 70, prohibiting the employment of an infant under 14 in a factory, and section 71, prohibiting the employment of one between 14 and 16 unless a certificate of his fitness is filed, an employer cannot be charged with negligence if he uses proper vigilance in ascertaining the facts and has reasonable grounds for believing that the infant is over the age of 16.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 141, 160; Dec. Dig. § 95.*]

3. MASTER AND SERVANT (§ 286*)—ACTION FOR INJURIES—QUESTION FOR JURY —BELIEF AS TO AGE.

On evidence in an action by an infant servant between 14 and 16 years for injuries while employed in defendant's factory without having filed a certificate of fitness, required by Labor Law (Consol. Laws 1909, c. 31) § 71, held, that whether the master was justified in his alleged belief as to the plaintiff's age was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

4. MASTER AND SERVANT (§ 291*)—INJURIES TO SERVANT—EMPLOYMENT OF MI-NOR—INSTRUCTIONS.

In an action for injuries sustained by plaintiff, an infant between 14 and 16 years, while employed in defendant's factory, who had not filed the certificate of fitness required from servants of such age by Labor Law (Consol. Laws 1909, c. 31) § 71, where the question whether defendant had been led to believe that he was over 16 was an issue, the refusal of an instruction that if plaintiff's brother falsely stated plaintiff's age to defendant at the time he was employed, and if the plaintiff was present and led him to believe that he was over 16, and if defendant was justified in such belief, he was not negligent in employing him, was error.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1133, 1134, 1136–1146; Dec. Dig. § 291.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Nicholas Solomon, by his guardian ad litem, Regina Solomon, against the Royal Art Glass Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

James I. Cuff, of New York City, for appellant.
Henry B. Mitchell, of New York City, for respondent.

PAGE, J. This is an action to recover damages for personal injuries sustained by the plaintiff, an infant between the age of 14 and 16 years, while employed in the defendant's factory. It was proved that the plaintiff entered the defendant's employ when he was 13½ years old. After working for a few months as an errand boy, he was put to work as a glass cutter, and later on as a bender of glass, at which occupation he was injured by the dropping of a piece of hot glass into his trousers, which severely burned his thigh, leg, and foot, and confined him to bed for several months.

There was some evidence of negligence in the defendant in failing to warn the plaintiff of the danger of glass bending, and in failing to instruct him as to the proper manner in which to perform the work; but the evidence upon these points was slight and inconclusive. The main reliance of the plaintiff was the negligence of the defendant in employing an infant between 14 and 16 years of age to do work in a factory, in violation of section 70 of the Labor Law (Consol. Laws 1909, c. 31), which prohibits entirely the employment of an infant under 14 in a factory, and prohibits the employment of one between the age of 14 and 16 unless a certificate of his fitness for the work, as required by section 71, has been filed in the office of the employer.

[1] It has been repeatedly held that the employment of an infant under 14 in violation of the statute establishes a prima facie case of negligence in the employer, for the reason that the statute creates a presumption that a child of such years does not possess the judgment, discretion, care, and caution necessary for engagement in such an avocation (Marino v. Lehmaier, 173 N. Y. 530, 66 N. E. 572, 61 L. R. A. 811), and that the same presumption for unfitness for such work and negligence of the employer prevails in the case of an infant between 14 and 16 years of age, unless the certificate showing his fitness has been filed in accordance with the statutes (Dragatto v. Plunkett, 113 App. Div. 648, 99 N. Y. Supp. 361; Sitts v. Waiontha Knitting Co., 94 App. Div. 38, 87 N. Y. Supp. 911). The plaintiff established beyond doubt that he was 14 years of age at the time of the accident, and that no such certificate had been filed, nor had he been examined for the purpose of obtaining such a certificate. The only evidence which the defendant adduced to rebut the presumption of negligence thus created was to the effect that both the plaintiff and the plaintiff's older brother stated to its officers at the time the plaintiff was employed that he was over the age of 16 and that the plaintiff appeared to be over that age.

[2-4] It has been held by the Court of Appeals that an employer cannot be charged with negligence under these statutes if he used proper vigilance in ascertaining the facts and had reasonable grounds for believing that the infant was over the age of 16 (Koester v. Rochester Candy Works, 194 N. Y. 92, 87 N. E. 77, 19 L. R. A. [N. S.] 783, 16 Ann. Cas. 589), and in the case at bar it was for the jury to determine from the evidence whether the defendant was justified in

his alleged belief as to the age of the plaintiff (Kircher v. Iron Clad Mfg. Co., 134 App. Div. 144, 118 N. Y. Supp. 823, affirmed without opinion 200 N. Y. 587, 94 N. E. 1095, 34 L. R. A. [N. S.] 945, 21 Ann. Cas. 412). Upon this question the defendant's attorney requested the court to charge the jury that:

"If the plaintiff's brother falsely stated the plaintiff's age to the defendant or its representatives at the time the plaintiff was employed, and if the plaintiff was present and led him to believe that the plaintiff was over 16 years of age, and if they were justified in that belief, then they were not guilty of negligence in employing him."

This request was almost in the exact language of the request to charge under review in Koester v. Rochester Candy Works, 194 N. Y. 92, 87 N. E. 77, 19 L. R. A. (N. S.) 783, 16 Ann. Cas. 589, a refusal of which under similar circumstances was held to be ground for reversal. The defendant was entitled to have the jury so instructed, and I do not find that anywhere in the charge of the court this question was properly presented. This was the only closely contested issue in the case, and was undoubtedly controlling upon the minds of the jury.

The judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.