(109 App. Div. 326.)

### FISH v. UTICA STEAM & MOHAWK VALLEY COTTON MILLS.

(Supreme Court, Appellate Division, Fourth Department.   November 15, 1905.)

1. TRIAL—QUESTION FOR JURY.

    Where there is some evidence tending to establish plaintiff's cause of action, though such evidence is incredible, the cause must be submitted to the jury.

2. MASTER AND SERVANT—NEGLIGENCE—INJURIES TO SERVANT—LABOR LAW—EVIDENCE.

    In an action for injuries, evidence that plaintiff at the time of the accident had not reached her majority, and that she was directed to clean a machine while in motion, in violation of Laws 1899, p. 351, c. 192, § 20, afforded some evidence of negligence, but not evidence of general negligence, so as to permit a verdict based upon any kind of negligence that defendant might have been guilty of.

3. APPEAL—SUFFICIENCY OF EVIDENCE.

    Where the trial justice fails to set aside a verdict and order a new trial, where the verdict was contrary to the evidence, in an action in which a nonsuit could not be granted, the Appellate Division had the power to set the same aside.

Appeal from Trial Term, Oneida County.

Action by Rose Fish, by John Fish, her guardian ad litem, against the Utica Steam & Mohawk Valley Cotton Mills. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Miller, Fincke & Brandegee, for appellant.

John F. Gaffney and P. H. Fitzgerald, for respondent.

WILLIAMS, J.   The judgment and order should be reversed on the facts, and a new trial granted, with costs to the appellant to abide event.   The action is for damages for personal injuries alleged to have resulted from the defendant's negligence.   There have been three trials of the case.   The first one resulted in a disagreement of the jury; the second, in a verdict for $2,500, which was set aside by this court as contrary to the evidence; the third, in another verdict for $2,500, which is here now for review.   The injury was to the plaintiff's hand, which was in some way caught in the cogs or gear of a speeder machine in a cotton mill.   The wheels and gear were inclosed in a box, which had a cover over it.   The cogwheels meshed together in the box below the cover.

The plaintiff claims that the cover of the box was defective, and came off or was pushed off, leaving the cogs and gear exposed; that she was cleaning the machine while in motion, and her hand was drawn down through the opening, into the cogs and gearing, by reason of waste which she was using getting caught.   It was claimed at the first trial, and during a part, at least, of the second one, that the cogwheels revolved downward and inwardly, and thereby the waste was drawn down between the cogs.   On the last trial, however, it was finally conceded that the wheels revolved upward and outwardly.   It is difficult to understand how the waste and the plaintiff's hand could be drawn down through the opening

on the top of the box, into the cogs and gearing, in view of this conceded condition of things. The defendant all along has claimed that the plaintiff reached up in the box under the cogs and gearing from below, and received her injury in that way.

The trial justice charged the jury that the action must be maintained, if at all, upon the one proposition that the cover of the gear box was so defective that it came off, and that the plaintiff by reason thereof had her hand drawn down into the wheels and gearing and injured, and that, unless the jury were satisfied that the accident occurred in that way, there could be no recovery. In referring to the evidence relating to these questions the justice made it very clear that the cover was not defective, and the accident did not occur by the hand being drawn in from above through the uncovered opening, that the evidence tending to establish these facts was wholly incredible, and that the accident evidently occurred by the hand being drawn in from below the wheels and gearing, as claimed by the defendant. Under the McDonald and other like cases, these questions had, however, to be submitted to the jury.

It was also claimed that the plaintiff was at the time of the accident under 21 years of age, and that she was permitted and directed to clean this machine while in motion, in violation of section 20, c. 192, p. 351, of the Laws of 1899, and that such violation of law afforded some evidence of negligence. Marino v. Lehmaier, 173 N. Y. 530, 66 N. E. 572, 61 L. R. A. 811. The trial justice submitted to the jury the questions of fact relating to this claim, and charged, if the jury found such facts with the plaintiff, they were some evidence of negligence. They were not evidence of general negligence, so as to permit a verdict based upon any kind of negligence the jury might conclude the defendant was guilty of. They could only be evidence of the particular acts of negligence which the justice submitted to the jury. Upon all the evidence herein referred to the question of defendant's negligence as the cause of the accident was submitted to the jury. The justice could hardly have expected, under the charge, that the jury would render a verdict for the plaintiff. They did so, however.

A motion for a new trial was made and denied, apparently on the ground that this court, in setting aside the former verdict, had held that there was evidence for the jury, but their verdict was contrary to the evidence. We think the justice erred in this view of the matter. The power is given both the trial court and the Appellate Division to set aside verdicts as contrary to the evidence in cases where a nonsuit could not be granted. It needs no argument to show this is a case for the exercise of such power. A mere reading of the charge is all that is needed. It fairly presented the evidence, and the comments made thereon to the jury were amply justified. The trial justice having failed to set aside the verdict and order a new trial, we must afford the relief to which the defendant is entitled.

Judgment and order reversed, and new trial ordered, with costs to the appellant to abide event, upon questions of law and fact. All concur.