(160 App. Div. 232)

## AMBERG v. KINLEY.

(Supreme Court, Appellate Division, Third Department. January 21, 1914.)

1. MASTER AND SERVANT (§ 262*)—INJURY TO SERVANT—ALLEGATION OF NOTICE —ANSWER—DENIAL.

Where a complaint for the death of a servant alleged that proper notice in compliance with the Labor Law (Consol. Laws, c. 31) was "duly served," an answer admitting that defendant received a paper writing purporting to state the time, place, and cause of the injury mentioned in plaintiff's complaint, and denying each and every allegation in the complaint not specifically admitted or controverted, was insufficient to raise an issue on the due service of such notice, and hence the allegation in the complaint stood admitted, and it was not necessary that plaintiff should offer the notice in evidence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 855–859; Dec. Dig. § 262.*]

2. MASTER AND SERVANT (§ 115*)—DEATH OF SERVANT—LABOR LAW—PROVIDING FIRE ESCAPES—MANDATORY DUTY.

Labor Law (Consol. Laws, c. 31) § 82, requiring factories more than three stories high to be provided with fire escapes, is mandatory, and a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

violation thereof, proximately resulting in the death of an employé, in a factory not so equipped, constitutes actionable negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 205, 206; Dec. Dig. § 115.*]

3. MASTER AND SERVANT (§ 278*)—DEATH OF SERVANT—FIRE ESCAPES—FAILURE TO PROVIDE—PRIMA FACIE CASE—REBUTTAL.

In an action for the death of an employé in a factory more than three stories high, the prima facie case established by proof of the master's failure to equip the factory with fire escapes as required by Labor Law (Consol. Laws, c. 31) § 82, may be rebutted by evidence of care on the part of the master in providing equal or superior facilities.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977; Dec. Dig. § 278.*]

4. MASTER AND SERVANT (§ 115*)—DEATH OF SERVANT—FIRE ESCAPES—FAILURE TO PROVIDE—"WAYS, WORKS, MACHINERY, OR PLANT."

Failure of a master, operating a factory more than three stories high, to equip the same with fire escapes, is a defect in the "ways, works, machinery, or plant," within Labor Law (Consol. Laws, c. 31) § 200, as amended by Laws 1910, c. 352, providing that when a personal injury is caused to an employé, who is himself in the exercise of due care, by reason of any defect in the condition of the ways, works, or machinery connected with, or used in the business, etc., the employer shall be liable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 205, 206; Dec. Dig. § 115.*

For other definitions, see Words and Phrases, vol. 8, pp. 7420, 7421.]

5. MASTER AND SERVANT (§ 289*)—DEATH OF SERVANT—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action under Labor Law (Consol. Laws, c. 31) § 200, as amended by Laws 1910, c. 352, for death of an employé by the negligence of the master in failing to equip the factory with fire escapes, evidence *held* to require the submission of decedent's contributory negligence, if any, to the jury under section 202a, providing that on the trial of such an action contributory negligence of the injured employé shall be a defense to be so pleaded and proved by the defendant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089, 1090, 1092–1132; Dec. Dig. § 289.*]

Lyon, J., dissenting.

Appeal from Trial Term, Chemung County.

Action by Anna L. Amberg, as administratrix, of William Amberg, deceased, against Charles H. Kinley. From a judgment for plaintiff, and from an order denying defendant's motion for new trial on the minutes, he appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Baker & Sessions, of Binghamton (Halsey Sayles, of Elmira, of counsel), for appellant.

Edgar Denton, of Elmira (Richard H. Thurston, of Elmira, of counsel), for respondent.

WOODWARD, J. Plaintiff's intestate was burned to death in a building upon the premises occupied by the defendant in manufacturing leather, at Breesport, on the 9th day of February, 1911, and this action is brought in behalf of his next of kin; the allegation of neg-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ligence being that the defendant had failed and neglected to provide the building, which is alleged to have been three stories in height, with the fire escapes prescribed by section 82 of the Labor Law (Consol. Laws, c. 31; Laws of 1909, c. 36), and that the defendant had failed to provide such building with automatic sprinkling apparatus, and generally that the defendant was negligent in permitting the decedent to work upon the third floor of this building under the circumstances existing at the time.

[1] For a second cause of action the complaint realleges the material allegations of the first cause of action, and sets up that a notice was served under the provisions of section 201 of the Labor Law; and a considerable part of the briefs of both parties to the action is taken up with a discussion of the question of whether the answer of the defendant is to be construed as an admission of the receipt of such notice. The answer admits, among other things, that "defendant received a paper writing purporting to state the time, place, and cause of the injuries mentioned in plaintiff's complaint," and "denies each and every allegation in plaintiff's complaint contained not hereinbefore specifically admitted or controverted." The complaint had alleged distinctly that "pursuant to statute in such case made and provided, a notice stating the time and place and cause of the injuries hereinbefore set forth was duly served upon the defendant herein upon behalf of the plaintiff," etc., and it was the duty of the defendant either to deny this allegation or to let it stand as admitted, and he cannot now be heard to complain because of a failure on the part of the plaintiff to introduce in evidence a copy of the notice. The allegation that the proper notice was "duly served" was an allegation that all of the requirements of the law in this regard had been complied with, and no equivocal pleading on the part of the defendant can be of avail. If it did not receive due notice, it was bound to deny the allegation of the complaint in order to get any benefit from the failure of the plaintiff, and, having admitted the receipt of a written paper purporting to be such notice, defendant must be deemed to have admitted the allegation of the complaint, and the notice was as much in the case as though it had been offered in evidence. The notice is no part of the case, except as a condition precedent to the right to the application of certain rules of law, and, where the service of the notice is alleged and not denied, it is unnecessary to cumber the record with the mere form. Early in the trial of the case it was ruled that this second cause of action was not properly pleaded; that the cause of action rested upon the common law; but subsequently the learned trial court recalled this ruling and held that the cause was properly pleaded under the provisions of section 200 of the Labor Law, and the case was sent to the jury upon this theory.

[2] It will not be questioned by this court that the provisions of section 82 of the Labor Law are mandatory; that the employer owes the absolute duty of providing the fire escapes prescribed by the statute, and we think the law is now well established that, if the failure of the employer to provide the fire escapes results in injury or death to the employé, there is a civil liability. In other words, that where the injury is shown, and the negligence of the master to provide the fire es-

capes is established, and it appears that the injury would not have resulted had the fire escapes been installed as provided by law, there is a prima facie liability for damages, assuming, of course, that the employé has discharged the obligation of exercising due care in the premises. Marino v. Lehmaier, 173 N. Y. 530, 535, 537, 66 N. E. 572, 61 L. R. A. 811, and authorities there cited: Koester v. Rochester Candy Works, 194 N. Y. 92, 95, 87 N. E. 77, 19 L. R. A. (N. S.) 783, 16 Ann. Cas. 589; Arnold v. National Starch Co., 194 N. Y. 42, 48, 86 N. E. 815, 21 L. R. A. (N. S.) 178.

[3] Of course, the prima facie case may be rebutted by evidence showing care on the part of the employer in providing equal facilities, or superior ones. Koester v. Rochester Candy Works, supra. We are of the opinion that the learned trial court correctly charged the law upon this point, and was well within the authorities.

[4] There was evidence in this case that the building was three stories in height; that there were no proper fire escapes erected thereon, and this was clearly a defect in the "condition of the ways, works, machinery, or plant" of the defendant; the statute makes it so. Section 200, Labor Law, as amended by chapter 352, Laws of 1910.

[5] There is abundant evidence that the plaintiff's intestate was at work with another man, placing hides upon racks in the third story of this building, and while it is true that the last seen of him alive he was at the foot of the elevator shaft on the ground floor, the work called him to the third floor, and we think the jury were entitled to draw the inference that he was either ascending, or was upon the third floor when the fire intervened and prevented his escape. The question was clearly for the jury to determine as to the contributory negligence of the decedent under the provisions of section 202a as it now stands, and there was no error in the charge of the court in this regard.

The judgment and order appealed from should be affirmed, with costs. All concur, except LYON, J., dissenting.