"The writ of prohibition is an extraordinary remedy, and should be issued only in cases of unusual necessity. Without attempting generally to define the cases wherein it may or may not be granted, it is certainly well within the authorities.and principles of a wise judicial policy to state that it will not be allowed in a case like this, to guard against a future apprehended error by an inferior tribunal, when, as matter of fact, such tribunal upon due objection may not commit such error, and when, if it does commit it, the aggrieved party may be fully and adequately protected by ordinary process of appeal from or review of its action."

Application for writ of prohibition denied, without costs. All concur.

---

### STENSON v. J. H. FLICK CONST. CO.

(Supreme Court, Appellate Division, First Department.   July 7, 1911.)

1. MASTER AND SERVANT (§ 95*)—INJURY TO MINOR SERVANT—PARENT'S CONSENT TO EMPLOYMENT.

That the mother of a child under 16 years old acquiesced in the employment of the child in violation of Penal Law (Consol. Laws 1909, c. 40) § 483, punishing the employment of children under 16 years of age in dangerous occupations, does not bar an action by her, as his administratrix, for his negligent death caused by injuries received while at work under his employment, where the child left brothers and sisters, beneficiaries under Code Civ. Proc. §§ 1902, 1903.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 160; Dec. Dig. § 95.*]

2. MASTER AND SERVANT (§ 95*)—DEATH OF SERVANT—UNLAWFUL EMPLOYMENT.

One suing for the negligent death of a child a few months under 16 years while engaged in a dangerous occupation must prove that his employer knew that the child was under 16 years, or that his appearance would put the employer on inquiry, and thus show negligence by proof of the employer's liability under Penal Law (Consol. Laws 1909, c. 40) § 483, punishing one willfully employing a child under 16 years in a dangerous occupation; and the mere fact that the child was a few months under 16 years does not alone permit the jury to draw the inference that the employer knew or should have known that the child was within the prohibited age.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 160; Dec. Dig. § 95.*]

Miller and Dowling, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Annie Stenson, as administratrix of Thomas Stenson, against the J. H. Flick Construction Company. From a judgment dismissing the complaint pursuant to a nonsuit granted at the close of plaintiff's case, she appeals. Affirmed.

See, also, 129 N. Y. Supp. 1147.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Rosario Maggio, for appellant.
E. Clyde Sherwood, for respondent.

LAUGHLIN, J. This is a statutory action to recover for the death of Thomas Stenson, which occurred on the 9th day of Febru-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ary, 1907, while he was in the employ of the defendant, and in the act of alighting from a car on which he was riding in the performance of his duties as a brakeman and spotter. He had been in the employ of the defendant about eight months, his first employment being to carry water to the men engaged in the construction work of the defendant and thereafter as a fireman on a locomotive used in the same work and for a period of about three months as a brakeman and spotter. The defendant was engaged in excavating for the construction of the New York, Westchester & Boston Railroad, in the borough of the Bronx. Decedent's duties as brakeman and spotter were to ride on the end of the train, observe the track, and signal the engineer, if necessary, while the train was in motion, and, when the train was being loaded, to signal the engineer to move and to stop the train in order to place the empty cars opposite a steam shovel. The evidence shows that decedent was an intelligent, healthy, strong boy, and it sufficiently appears that he understood his duties. He was 15 years, 4 months, and 28 days of age at the time of the accident which resulted in his death. Presumably he understood the risks attending his alighting from the train while in motion, which he customarily did, as on this occasion, when the end of the train of empty cars on which he was riding reached a point nearly opposite the steam shovel, where the cars were to be loaded. At common law, therefore, the decedent would be presumed to have assumed the risks, and had he lived and been injured he could not have recovered. It is claimed, however, that the defendant in thus employing the decedent violated the provisions of section 289 of the Penal Code, now section 483, Penal law (Consol. Laws 1909, c. 40), which is as follows:

"A person who, (1) willfully causes or permits the life or limb of any child actually or apparently under the age of sixteen years to be endangered, or its health to be injured, or its morals to become depraved; or, (2) willfully causes or permits such child to be placed in such a situation or to engage in such an occupation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired; is guilty of a misdemeanor. (3) Any parent or guardian or other person having custody of a child under sixteen years of age, except in the city of New York who omits to exercise due diligence in the control of such child, to prevent such child from violating any of the provisions of this chapter and any such person or any other person responsible for or who by any act or omission causes, encourages or contributes to the violation by any such child of said provisions shall be guilty of a misdemeanor and punishable accordingly."

It has been held in many cases that the violation of a statute is some evidence of negligence and that in the case of children of mature years the question of contributory negligence and assumption of risk would then also be for the jury. Kircher v. Iron Clad Mfg. Co., 134 App. Div. 144, 118 N. Y. Supp. 823, affirmed 200 N. Y. 587, 94 N. E. 1095; Lee v. Sterling Silk Mfg. Co., 115 App. Div. 580, 101 N. Y. Supp. 78; Koester v. Rochester Candy Works, 194 N. Y. 92, 87 N. E. 77, 19 L. R. A. (N. S.) 783; Marino v. Lehmaier, 173 N. Y. 530, 66 N. E. 572, 61 L. R. A. 811. But, as will be seen presently, it does not follow that every case of a violation of a statute

gives rise to a cause of action for negligence for injuries caused thereby.

[1] It is contended in behalf of the respondent that the mother of the decedent, who brings this action as his administratrix, induced or acquiesced in his employment, and that, therefore, the action cannot be maintained. There is no force in this contention. The action is not for her benefit, but for the benefit of the next of kin of the decedent. Sections 1902 and 1903, Code of Civil Procedure. He died unmarried and without issue. She is one of the next of kin, but not solely entitled to a recovery, for he also left six brothers and sisters.

[2] There is no evidence that the defendant knew the age of the decedent, or as to his appearance with respect to age. It is very doubtful whether a criminal prosecution could be sustained under the statute quoted on mere proof of the facts that the boy was employed in a dangerous occupation and was a few months under 16 years of age, without evidence of his appearance with respect to age, or notice or knowledge of his age on the part of his employer other than would be gained from his appearance. We are not, however, required to decide whether a criminal prosecution could be sustained on this evidence, but only whether in view of the statute the evidence is sufficient to take the case to the jury on the question of the defendant's negligence. In Koester v. Rochester Candy Works, supra, which was an action for negligence based on a violation of section 70 of the labor law (chapter 415, Laws 1897, as amended by chapter 184 of the Laws of 1903), which absolutely prohibited the employment in a factory of children under the age of 14 years, and between the ages of 14 and 16, unless a certificate were procured and produced as therein provided, without regard to the question of the knowledge of the employer with respect to the age of the child, that the employer cannot be held liable for an injury to a child employed in violation of the statute provided he exercised reasonable care to ascertain the age of the child and was misled with respect thereto, even though such evidence would not constitute a defense to a criminal prosecution for a violation of the statute. See, also, People v. Taylor, 192 N. Y. 398, 85 N. E. 759, and Sitts v. Waiontha Knitting Co., 94 App. Div. 38, 87 N. Y. Supp. 911. The violation of the statute, then, if it did not involve notice or knowledge with respect to the age of the child, would not be evidence of negligence on the part of the defendant sufficient to take the case to the jury. Negligence is not presumed, but must be proved. The burden was, therefore, on the plaintiff to show that the defendant knew that the decedent was not 16 years of age, or that his appearance was such as to put the defendant upon his inquiry with respect thereto. The mere fact that the decedent was three months and a few days under the age of 16 years, without any evidence as to his appearance with respect to age, was not sufficient to take the case to the jury and to permit them to draw the inference that the defendant knew, or should have known, that the boy was within the prohibited age. It is not necessary, therefore, to decide the question as to whether the employment of the decedent

by the defendant as brakeman and spotter was a dangerous employ-
ment within the statute.

It follows that the judgment should be affirmed, with costs.

INGRAHAM, P. J., and McLAUGHLIN, J., concur.  MILLER
and DOWLING, JJ., dissent.