## BACHMANN v. LITTLE et al.

(Supreme Court, Appellate Division, First Department. October 25, 1912.)

1. MASTER AND SERVANT (§ 286*)—DANGEROUS MACHINERY—QUESTIONS FOR JURY.

Whether an embossing machine was a dangerous one, within Labor Law (Consol. Laws 1909, c. 31) § 81, as it existed in December, 1906, providing that "children under 16 years of age shall not be permitted to operate or assist in operating dangerous machines of any kind," was properly submitted to the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1010–1050; Dec. Dig. § 286.*]

2. MASTER AND SERVANT (§ 278*)—DANGEROUS MACHINERY—INFANTS—NEGLIGENCE.

To permit an infant to run a dangerous machine, in violation of Labor Law (Consol. Laws 1909, c. 31) § 81, providing that children under 16 should not be permitted to run such machines, was prima facie evidence of negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954–972, 977; Dec. Dig. § 278.*]

3. MASTER AND SERVANT (§ 270*)—INJURY TO SERVANT—DANGER FROM MACHINE—EVIDENCE—"DANGEROUS MACHINE."

Whether a machine was dangerous depended upon whether, in the ordinary course of operation, danger to the operator was to be reasonably anticipated; and hence, in an action for personal injuries, the exclusion of evidence that a machine had been in operation about 1½ years without accident, and also that for more than 20 years the defendant had been using some 20 similar machines without accident, was error.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 913–927, 932; Dec. Dig. § 270.*

For other definitions, see Words and Phrases, vol. 2, p. 1828.]

4. WITNESSES (§ 275*)—CROSS-EXAMINATION—INFANTS—DANGEROUS MACHINERY.

Though to permit an infant under 16 to run a dangerous machine, in violation of Labor Law (Consol. Laws 1909, c. 31) § 81, providing that such children should not be permitted to run such machines, is prima facie negligence, and though in an action for personal injuries from such a machine the court cannot declare such child guilty of contributory neg-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ligence as a matter of law, yet it was error not to permit the defendant to cross-examine the plaintiff as to his contributory negligence, since his testimony might have been such as would have justified the jury in finding that he was in fact guilty of contributory negligence.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 924, 926, 967–975; Dec. Dig. § 275.*]

Appeal from Trial Term, New York County.

Action by Oswald Bachmann, Jr., against John L. Little and another. From an order setting aside a verdict in his favor, the plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

August P. Wagener, of New York City, for appellant.
Theodore H. Lord, of New York City, for respondents.

McLAUGHLIN, J. On the 15th of December, 1906, the plaintiff, then a little over 14 years of age, was at work for the defendants on an embossing machine, and while thus engaged his right hand was caught between the plates of the machine, and by reason thereof he sustained injuries which resulted in the loss of three fingers. He brought this action to recover the damages alleged to have been sustained. At the trial he had a verdict of $1,500, which was set aside, on the ground of exceptions taken during the trial and that it was against the evidence. The statute in force at the time the accident occurred, provided that:

"Children under sixteen years of age shall not be permitted to operate or assist in operating dangerous machines of any kind." Section 81, Labor Law.

The statute has since been amended, and is now section 93 of the Labor Law, and provides that:

"No child under the age of sixteen years shall be employed or permitted to work in operating or assisting in operating any of the following machines"— specifying them.

An embossing machine operated as the one was by the plaintiff at the time he was injured is not one of those named.

[1, 2] The trial court submitted to the jury, and I think correctly, the question as to whether or not the machine were a dangerous one within the meaning of the statute first quoted. If the embossing machine were a dangerous one within the meaning of the statute, then the proof established, prima facie at least, the defendants' negligence. The plaintiff was under 16 years of age and to permit him to operate the machine was in violation of the statute. Gallenkamp v. Garvin Machine Co., 91 App. Div. 141, 86 N. Y. Supp. 378, reversed on dissenting opinion of Ingraham, J., 179 N. Y. 588, 72 N. E. 1142; Marino v. Lehmaier, 173 N. Y. 530, 66 N. E. 572, 61 L. R. A. 811.

[3] The machine was not out of repair, nor was it inherently dangerous. If dangerous at all, it was by reason of the manner in which it was operated. The defendants sought to show that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the machine had been in operation about a year and a half and during that time no accident, prior to the one in question, had happened. This proof was excluded, and an exception taken. They also sought to prove that for upwards of 20 years they had been using some 20 similar embossing presses, and during that time no accident had occurred upon any of them. This proof was also excluded, and an exception taken. I think the court erred in excluding this proof, and for that reason the verdict was properly set aside. Whether the machine were dangerous depended upon whether, in the ordinary course of its operation, danger to the operator were to be reasonably anticipated (Gallenkamp v. Garvin Machine Co., supra), and as bearing upon that subject it is difficult to imagine what proof could be more cogent than that this machine, or similar ones, had been used for many years, during which time no operator had been injured.

[4] I am also of the opinion that the court erred in not permitting the defendants' counsel to cross-examine the plaintiff on the question of his contributory negligence. The statute does not create the cause of action, nor does it provide that its violation, in case of injury, entitles the one injured to damages. A violation of the statute; as indicated, undoubtedly furnishes presumptive evidence of defendants' negligence; and as said in the Marino Case it—

"in effect declares that a child under the age specified presumably does not possess the judgment, discretion, care, and caution necessary for the engagement in such a dangerous avocation, and is, therefore, not as a matter of law chargeable with contributory negligence, or with having assumed the risk of the employment in such occupation."

So here, while it could not be said as matter of law that the plaintiff assumed the risk incident to operating the machine, or that he was guilty of contributory negligence in the manner in which he did operate it, nevertheless, if the court had permitted the defendants to cross-examine the plaintiff on those subjects, his testimony might have been of such a character as would have justified the jury in finding that he was, in fact, guilty of contributory negligence. The defendants' counsel duly excepted to the ruling.

For the errors thus committed, I am of the opinion the verdict was properly set aside.

The order appealed from, therefore, is affirmed, with costs to the respondents to abide the event of the action.

LAUGHLIN, CLARKE, and SCOTT, JJ., concur. INGRAHAM, P. J., concurs, on the ground that it was error to exclude evidence as to the prior use of the machine.