HANS KARPELES, by JACOB KARPELES, His Guardian ad Litem, Appellant, *v.* MARIE C. HEINE and Others, Respondents.

First Department, December 7, 1917.

Master and servant — injury to child under sixteen years of age while running elevator — violation of Labor Law, section 93 — proof of freedom from contributory negligence necessary to recovery.

In an action to recover damages for the fault of the defendants in employing the plaintiff to run an elevator while he was under the age of sixteen years, in violation of section 93 of the Labor Law, the plaintiff in order to recover must prove that he was free from contributory negligence.

The violation of the statute does not create an absolute liability unaffected by any contributory negligence.

PAGE AND SHEARN, JJ., dissented, with opinion.

APPEAL by the plaintiff, Hans Karpeles, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 5th day of January, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office on the 4th day of January, 1917, denying plaintiff's motion for a new trial made upon the minutes.

*Charles Caldwell,* for the appellant.

*Lawrence B. Cohen,* for the respondents.

SMITH, J.:

The plaintiff brings this action to recover damages for the fault of the defendants in employing the plaintiff to run

an elevator while he was under the age of sixteen years. By section 93 of the Labor Law (Consol. Laws, chap. 31 [Laws of 1909, chap. 36], as amd. by Laws of 1913, chap. 464) it is provided that no child under the age of sixteen years shall be employed or permitted to have the care, custody · or management of or to operate an elevator either for freight or passengers. The plaintiff, under fifteen years of age, was thus employed, and in that employment on July 20, 1915, he received the injuries for which he here seeks compensation. The trial court charged the jury that the negligence claimed was the violation of the statute, but that the plaintiff must prove that he was free from contributory negligence in order to recover. To this charge the plaintiff excepted, contending that the violation of the statute created an absolute liability unaffected by any contributory negligence on the part of the boy. This contention raises the sole issue here for determination.

In *Bachmann* v. *Little* (152 App. Div. 811) a child under sixteen was employed upon a machine claimed to be dangerous. If dangerous, the statute as it then existed (Labor Law [Gen. Laws, chap. 32; Laws of 1897, chap. 415], § 81, as amd. by Laws of 1906, chap. 366; afterwards Labor Law [Consol. Laws, chap. 31; Laws of 1909, chap. 36], § 81; Id. § 93, as amd. by Laws of 1909, chap. 299; Laws of 1910, chap. 107, and Laws of 1913, chap. 464) was violated. The court refused to allow the defendant to show that the machine had been operated a year and a half without accident, and refused to allow the defendant to cross-examine the plaintiff upon the question of the plaintiff's contributory negligence. The plaintiff recovered a judgment which was set aside, on the ground of exceptions taken during the trial and that it was against the evidence. This court affirmed the order, holding, *first,* that the defendant should have been allowed to show that the machine had been operated without accident for a year and a half as bearing upon the question whether the machine was a dangerous machine; *second,* that the defendant should have been allowed to cross-examine the plaintiff to show his contributory negligence. Mr. Justice MCLAUGHLIN, in writing for the court, said: " I am also of the opinion that the court erred in not permitting

the defendants' counsel to cross-examine the plaintiff on the question of his contributory negligence. The statute does not create the cause of action, nor does it provide that its violation in case of injury entitles the one injured to damages. A violation of the statute as indicated undoubtedly furnishes presumptive evidence of defendants' negligence, and as said in the *Marino* case, it ' in effect declares that a child under the age specified presumably does not possess the judgment, discretion, care and caution necessary for the engagement in such a dangerous avocation, and is, therefore, not, as a matter of law, chargeable with contributory negligence or with having assumed the risks of the employment in such occupation.' So here, while it could not be said as matter of law that the plaintiff assumed the risk incident to operating the machine, or that he was guilty of contributory negligence in the manner in which he did operate it, nevertheless, if the court had permitted the defendants to cross-examine the plaintiff on those subjects, his testimony might have been of such a character as would have justified the jury in finding that he was in fact guilty of contributory negligence."

This was concurred in by all the court, except Presiding Justice INGRAHAM, who concurred in the result upon the ground of the exclusion of evidence that the machine had been in operation for about a year and a half prior to this injury, during which time no accident had happened thereupon.

Section 70 of the Labor Law of 1897, which was under consideration in *Marino* v. *Lehmaier* (173 N. Y. 530), prohibits the employment of any child under the age of fourteen to work in any factory in this State, and prohibits the employment of any child between fourteen and sixteen without an employment certificate as provided in the article. Section 81 of the former Labor Law, as it was construed in the *Bachmann* case, prohibited the employment of any child under sixteen in operating dangerous machines of any kind. I can see no difference in principle between the statute construed in the *Bachmann* case and that construed in the *Marino* case and the statute here for construction, as far as affects the obligation of a plaintiff in order to recover for a violation thereof to prove his freedom from contributory negligence. Under the statute construed in the *Bachmann* case, when it once appeared that the machinery

was dangerous the prohibition was just as absolute against the employment of a minor as is the prohibition under section 93 of the Labor Law involved in the case at bar. That case is the last pronouncement of the law in this department, and should, in the orderly administration of the law, be followed, unless it appears to be contrary to some construction of the law found in the decisions of the Court of Appeals. In the *Bachmann* case the *Gallencamp* case (*infra*) and the *Marino* case were cited, so that they were before the court and the decisions there construed. In *Stenson* v. *Flick Construction Co.* (146 App. Div. 66) this court was considering the employment of a minor in a dangerous occupation contrary to section 289 of the Penal Code, which was re-enacted by section 483 of the Penal Law. The law was there stated in the opinion: "It has been held in many cases that the violation of a statute is some evidence of negligence and that in the case of children of immature years the question of contributory negligence and assumption of risk would then also be for the jury." In that case is cited the *Kircher* case (*infra*) and the *Marino* case. The plaintiff, appellant, still insists in an action for damages for an injury wherein these statutes were violated that the gist of the action is the violation of the statute, and that the only contributory negligence on the part of the plaintiff which can defeat the action would be misrepresentation as to the plaintiff's age in procuring the employment. This was stated to be the rule in the dissenting opinion in the case of *Gallencamp* v. *Garvin Machine Co.* (91 App. Div. 147; revd., 179 N. Y. 588). In that case the Court of Appeals reversed this court upon this dissenting opinion, but what was there said in reference to contributory negligence was confessedly obiter. It cannot be held to have been intended by the Court of Appeals to overrule the prior decisions of that court in reference to the requirement of the plaintiff to show the absence of contributory negligence as a prerequisite to recovery in cases of this kind. In the case of *Kircher* v. *Iron Clad Mfg. Co.* (134 App. Div. 144) it is claimed that Mr. Justice GAYNOR lays down the same rule, but I do not so read his opinion. All he says upon the question of contributory negligence is this: "It is strongly urged for the defendant that a nonsuit should have been granted

for the reason that there was no evidence showing that the deceased was free from contributory negligence; but it was held in the *Marino* case that that power was taken away from the court by the effect of the statute. The *Koester* case confirms this, and further that the unlawful employment makes out a *prima facie* case for the plaintiff."

That opinion simply states the law as laid down in the *Marino* case, to the effect that it cannot be held *as a matter of law* in this class of cases that the plaintiff was guilty of contributory negligence, and under that ruling the court in that case was not justified in nonsuiting the plaintiff.

The opinion in the *Marino* case has been several times quoted in subsequent decisions of the courts, and has been invariably interpreted simply as forbidding the court to determine as matter of law that the plaintiff either assumed the risk or was guilty of contributory negligence. It has never been interpreted as holding that upon proof of violation of the statute the plaintiff was relieved from proving lack of contributory negligence in order to recover damages. In *Koester* v. *Rochester Candy Works* (194 N. Y. 95) it was held that the gist of the action was the violation of the statute. and the opinion quotes with approval the language of Judge HAIGHT in the *Marino* case which has been heretofore quoted. In *Lee* v. *Sterling Silk Mfg. Co.* (115 App. Div. 589) it was held that a violation of section 70 of the Labor Law of 1897 was not conclusive evidence of negligence or that damages were a necessary consequence thereof, and hence that an action thereunder is governed by the rules of the common law, and it was error to exclude evidence of negligence and contributory negligence on the theory that the violation being proved, the only question left was the amount of damages. In *Amberg* v. *Kinley* (214 N. Y. 531) it was held that a violation of the Labor Law (Consol. Laws, chap. 31 [Laws of 1909, chap. 36], § 82), which required the provision of fire escapes created an absolute liability, provided the absence of the fire escape caused the injury, and provided the negligence of the deceased did not contribute to produce the injury.

The court distinguished this case from the cases where a statute in regard to the employment of minors was involved, holding a violation of such a statute was merely some evidence

of negligence, while the violation of a statute providing for fire escapes was conclusive evidence of negligence. If, then, the violation of a statute made conclusive evidence of negligence gives no cause of action to one who was himself guilty of contributory negligence in causing the injury, it would seem, *a fortiori* that the violation of a statute which is only some evidence of negligence could not give a better cause of action to one injured thereby, and that the plaintiff's right of action might be defeated by his failure to show the absence of contributory negligence. The authorities are, therefore, unanimous in requiring the plaintiff to make proof of the absence of contributory negligence in actions for the violation of a statute, with the single exception, if it be an exception, of the adoption by the Court of Appeals of the dissenting opinion of Mr. Justice INGRAHAM in the *Gallencamp* case, in which opinion the statement of the rule as to contributory negligence was pure obiter.

The judgment should, therefore, be affirmed, with costs.

CLARKE, P. J., and SCOTT, J., concurred; PAGE and SHEARN, JJ., dissented.

PAGE, J. (dissenting):

This action is brought by the guardian *ad litem* of an infant to recover damages for personal injuries.

The infant, at that time a child thirteen years and ten months of age, was employed by the defendants to operate an elevator in an apartment house. On the morning of the accident he was directed by the defendants' superintendent to take a window cleaner up in the elevator. After the boy had let the window cleaner off he stepped from the elevator into the hall, and on attempting to return to the elevator he fell down the shaft and sustained serious injuries. Evidence was given tending to show that the elevator was defective in that it on many occasions when empty would ascend the shaft without the power having been applied. It was shown that there was no light in the elevator and from the arrangement of the window in the hall that little or no light would be admitted to the shaft. The court submitted to the jury the question of the defendants' negligence and also charged

the jury that the burden rested upon the plaintiff to prove that the child was free from contributory negligence. There was no evidence offered on the trial on behalf of the defendants, the defendants having moved at the close of the plaintiff's case to dismiss the complaint upon the ground that there was no evidence of negligence on the part of the defendants and no evidence of freedom from contributory negligence on the part of the plaintiff, and on the denial of the motion rested, without offering evidence. Upon the evidence, if the finding of the jury was that the injury was not sustained by reason of the negligence of the defendants, it would clearly be contrary to the weight of the evidence. The question presented upon this appeal, therefore, is whether under the evidence in this case the infant could be chargeable with negligence that contributed to the injury.

By section 93 of the Labor Law it is provided: " No child under the age of sixteen years shall be employed or permitted to have the care, custody or management of or to operate an elevator either for freight or passengers." (Consol. Laws, chap. 31 [Laws of 1909, chap. 36], § 93, as amd. by Laws of 1913, chap. 464.)

The purpose of this statute is manifest, and it is twofold: (1) For the protection of the child; (2) for the protection of those who have lawful occasion to ride upon the elevator. It is recognized that a child " does not possess the judgment, discretion, care and caution necessary for the engagement in such a dangerous avocation." (*Marino* v. *Lehmaier,* 173 N. Y. 530, 534.)

The question is not left for judicial determination whether the individual child had sufficient capacity to safely engage in the occupation. The Legislature has fixed a definite age limit below which no child shall be employed, thus, in effect, saying that no child below that age shall be presumed to have " the judgment, discretion, care and caution necessary " for such employment. A violation of the statute is a misdemeanor and punishable as such. (Penal Law, § 1275, as amd. by Laws of 1913, chap. 349.) But the law imposes another liability upon the violator, if any one is injured; the violation of the statute becomes evidence of negligence and unless rebutted is sufficient in itself to sustain a recovery of damages. How can this

evidence be met?   Certainly not by showing that the child under the age of sixteen possessed the skill, judgment, discretion and care of an adult, and that, therefore, the master was justified in employing him.   The Court of Appeals in *Koester* v. *Rochester Candy Works* (194 N. Y. 92, 95) has indicated: " Under this doctrine the gist of civil liability is the negligence of the master in employing a person of such tender years that the Legislature has forbidden his employment.   Therefore, if the employer, in the exercise of proper vigilance and due caution, is led to believe that the employee is above the statutory age, he cannot well be charged with negligence in employing an infant, whether such belief would be available as a defense in a criminal prosecution or not."

Such being the law, can it be that the displaying by the child of the very lack of judgment, discretion and care that the child was presumed to have and which led the Legislature to prohibit his employment will defeat his right to recovery when he is injured in the course of the employment?   Can the employer shield himself behind his own wrongdoing and escape the natural and anticipated consequence of his act? In my opinion he cannot.   Mr. Justice INGRAHAM correctly stated the law in *Gallenkamp* v. *Garvin Machine Co.* (91 App. Div. 141, adopted by the Court of Appeals, 179 N. Y. 588): " It is the employment of a child in a factory in violation of the statute that is the wrongful act which imposes the liability; and unless the minor can be said by his negligence to have contributed to the act of employment, the question of contributory negligence is not involved."   In *Marino* v. *Lehmaier* (*supra*) Judge HAIGHT said: " *   *   *   To our minds the statute, in effect, declares that a child under the age specified presumably does not possess the judgment, discretion, care and caution necessary for the engagement in such a dangerous avocation, and is, therefore, not, as a matter of law, chargeable with contributory negligence or with having assumed the risks of the employment in such occupation."

In my opinion the proper understanding of the use of the words " as a matter of law " in the opinion is not to impose a limitation on the power of the judge at trial to dispose of the question and nonsuit the plaintiff and still allow the jury to pass upon the question as one of fact.   As I understand the

opinion it means that the Legislature by law has eliminated those questions from the case. The case of *Bachmann* v. *Little* (152 App. Div. 811) is not an authority to the contrary. In that case the machine was not one of those upon which the employment of children was expressly prohibited by the statute. Therefore it was a question of fact whether the injury was sustained by reason of the inherently dangerous character or the negligent operation of the machine. *Stenson* v. *Flick Construction Co.* (146 App. Div. 66) turns upon the knowledge of the employer and the misrepresentation as to the age of the infant. The child only lacked a few months of being sixteen years of age, and his mother induced or acquiesced in the employment. Also the statute in that case prohibited the employment of a child " apparently under the age of sixteen years." (Penal Code, § 289; re-enacted by Penal Law, § 483.) In the instant case no such questions are presented. There is no claim that the defendants' superintendent did not know the age of the child, and the mother forbade the employment; and in this case the statute prohibits the employment of a child under sixteen years of age.

The Court of Appeals has never had squarely before it the effect of the statute upon the liability of a child of the prohibited age being chargeable with contributory negligence. It has been determined in accord with my contention in the courts of last resort in several other States. (*American Car Company* v. *Armentraut*, 214 Ill. 509; *Stehle* v. *Jaeger Automatic Mach. Co.*, 225 Penn. St. 348; *De Soto Coal Mining & Development Co.* v. *Hill*, 179 Ala. 186; *Casperson* v. *Michaels*, 142 Ky. 314.) That court has said, before the statute was enacted: " If a person is so young that even after full instructions he wholly fails to understand them and does not appreciate the dangers arising from a want of care, then he is too young for such employment and the employer puts or keeps him at such work at his own risk." (*Hickey* v. *Taaffe*, 105 N. Y. 26, 36.) In the instant case the statute has fixed the age under which a person is so young as not to appreciate the danger arising from a want of care, and the defendants should be held to have assumed the risk of such employment.

The charge of the learned trial justice that the burden of proving freedom from contributory negligence was upon the

plaintiff was erroneous, and the judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

SHEARN, J., concurred.

Judgment affirmed, with costs.