HERMAN HOFFMAN, as Administrator of AUGUST HOFFMAN, Deceased, Plaintiff, *v.* W. ELLIS, THE PARK FRONT REALTY COMPANY and THE ALBANY SAVINGS BANK, Defendants.

(Supreme Court, Albany Special Term, February, 1919.)

Verdict — motion to set aside granted — evidence — negligence.

> While the violation of a city ordinance which requires an elevator operator to be sixteen years of age creates no cause of action, it is some evidence of negligence.
>
> The evidence and instructions given to the jury in an action to recover for the death of plaintiff's intestate resulting from a passenger elevator accident in defendant's apartment house, where a boy under sixteen years of age was employed as the operator of the elevator, considered, and a motion to set aside as against the weight of evidence a verdict in favor of the plaintiff granted.

MOTION to set aside verdict and for a new trial.

Smith O'Brien (Daniel H. Prior, Arthur B. Lanphier, James J. Barry, of counsel), for plaintiff.

Staley & Tobin (Earl Barkhuff, of counsel), for defendant W. Ellis.

Visscher, Whalen & Austin (J. Harris Loucks, of counsel), for defendant The Park Front Realty Company.

Tracey, Cooper & Townsend (James F. Tracey, of counsel), for defendant The Albany Savings Bank.

Rudd, J. The defendant realty company moves to set aside the verdict as against the weight of evidence.

Upon the opening of the case without objection the complaint was dismissed as to the defendant The Albany Savings Bank. At the close of the testimony the complaint was dismissed as to the defendant W. A. Ellis, to which exception was entered.

The jury rendered a verdict for $2,800 against defendant The Park Front Realty Company.

This defendant moves to set aside such verdict as against the weight of evidence.

The facts, briefly stated, are that the defendant realty company, the owner of an apartment house, employed Leland Smith, a boy who was at the time slightly under fifteen years of age, as the operator of a passenger elevator. The ordinance of the city of Albany requires an elevator operator to be sixteen years of age.

In this employment the defendant violated the provisions of the law, proof of which violation presented against the defendant some evidence of negligence.

The plaintiff's intestate was a few months beyond thirteen years of age and for some time had been a

friend of the elevator boy. On Sunday afternoon, December 10, 1916, the Hoffman boy, accompanied by a boy named Walsh, came to the apartment house, entered the basement door. Walsh going through the front door, into the main hall, went to the elevator where Smith, the operator, was sitting. Hoffman rang the elevator bell from the basement; while the car was being taken down by Smith, to answer the basement call, Hoffman went to the first floor by the staircase, so that when Smith returned with the car to the first floor Hoffman remarked, " I fooled you that time." Smith, telling his boy friends that they could not visit in the hall on the first floor, took both boys below to the basement, where the elevator car remained. Smith, the operator, sat in the car on the seat which was at the rear of the car from side to side, looking over a magazine which the Hoffman boy had brought to Smith. Walsh went to the toilet.

Hoffman sat in a chair against the wall opposite the car and afterwards stood on the basement floor directly in front of the elevator car door, facing towards the car opening, leaning on the side of the wall along the westerly side of the car, with one foot resting on the floor of the car, which was at a level five or six inches above the level of the basement floor.

Smith is the only witness as to just what happened when the unfortunate accident occurred. His uncontradicted story is that the Hoffman boy was standing as above described, at or near the westerly side of the elevator in close proximity to the lever control, while Smith sat on the seat of the car, as above described, reading; suddenly Hoffman reached forward, leaning into the car, and threw the lever in the upward movement; the car responding went upward. Hoffman was caught between the moving car and the timbers of the first floor above basement; when caught, his hand

Supreme Court, February, 1919.      [Vol. 106.

releasing the lever, threw it into neutral position and Smith jumping forward threw the lever in downward motion; Hoffman fell out of the car onto the floor of the basement.

He died almost instantly.

There is certain evidence which sustains the testimony of Smith with reference to the relative positions of the boys just before the accident, that is, as to where Smith was, where Hoffman stood and the absence of the boy Walsh at the very time of the movement of the elevator car.

The elevator boy, Smith, was under sixteen years of age. The plaintiff alleges negligence of the defendant because of his employment, attributing the accident thereto. The jury was instructed that employing a boy under sixteen was some evidence of negligence, but that unless the defendant was found guilty of the particular negligence to which the evidence points, as the proximate cause of the injury, the plaintiff could not recover.

The court said to the jury: " The counsel for the plaintiff has frankly stated to you that if the boy who lost his life operated that lever, that control, and shot the car up, the plaintiff cannot recover."

Disregarding the evidence as to the statements made by the Smith boy and his mother when applying to the superintendent of the apartment house for the position as elevator operator, and assuming the negligence of the defendant in such employment, we still must face the questions of the negligence of defendant and the freedom of contributory negligence on the part of the intestate when we consider surrounding conditions and acts of the two boys at the time when the boy Hoffman lost his life.

These boys were and for some time had been friends. Smith had worked in a book store from which he came

to the apartment house to operate the elevator. Hoffman was accustomed to bring books to Smith and on this Sunday afternoon had brought to Smith books which had been placed by him under the cushion of the car seat.

Hoffman was evidently in boyish spirits, as indicated by his going into the basement with which he must have been familiar, ringing the elevator bell, and when the car was coming down he was going up the stairs to meet Smith, his friend, as he returned in the car to the first floor.

The evidence does not disclose any reckless, negligent or thoughtless act or omission to act on the part of Smith in relation to the car from the time it came down to the basement floor. Smith did not start the car, in fact did nothing except to go to the rescue of Hoffman instantly the emergency arose.

Smith had not left the open car unattended. He sat where he should be. An older man could not have done more or better. Smith was not playing; unfortunately it was Hoffman who was thus inclined.

Hoffman had asked Smith to take him upstairs to learn the hour. This Smith refused to do, after which the car was started. There is no evidence that Smith started it. The testimony of Smith as to where he sat in the car a moment before the accident is supported by Rogers, called by plaintiff, who passed through the hall a few moments before, and Rogers also testified that Hoffman stood leaning against the elevator door with one foot on the floor of the basement and one foot on the floor of the elevator car which stood eighteen inches above the level of the basement floor.

The jury was instructed that the plaintiff must prove the alleged negligence of defendant and that the negligence shown must be that which caused by itself the

accident and that the defendant was held to prove the alleged contributory negligence of the intestate.

It seems on careful examination of the record that the plaintiff had failed and that the defendant succeeded.

The character of the evidence upon the vital question is positive and it seems controlling.

If positive evidence stands uncontradicted it must be accepted as true. *Hull* v. *Littauer,* 162 N. Y. 569.

The question of contributory negligence was for the jury notwithstanding the violation by defendant of the law against employment of an elevator operator of the age of Smith. *Karpeles* v. *Heine,* 180 App. Div. 375.

The above case involved an accident to the boy operator under legal age, and if the rule is controlling there it must be here.

The court cannot pass upon the question of contributory negligence as a matter of law. *Marino* v. *Lehmaier,* 173 N. Y. 530.

Where the violation of the statute gives conclusive evidence of negligence no cause of action exists to one who himself is guilty of contributory negligence. *Karpeles* v. *Heine, supra.*

Hoffman was not of such tender years as to lack comprehension which would excuse him from contributory negligence.

The evidence disclosed that both boys, Smith and Hoffman, were of usual appearance and of such mental and physical equipment as affords protection against lack of appreciation.

The municipal ordinance which was not obeyed by defendant did not in itself create a cause of action.

If there was such cause of action it must depend upon the rules which guided the trial and were recognized by plaintiff's counsel and under which the evi-

dence must show negligence causing accident and freedom from contributory negligence.

We are obliged to find that the record does not sustain the verdict which therefore cannot stand.

An order may be entered setting aside the verdict as against the evidence, and granting a new trial.

Ordered accordingly.