HERBERT ROSEN, Respondent, *v.* BRONX HOSPITAL, Appellant.

Argued March 8, 1955; decided April 21, 1955.

*Joseph P. Carey* for appellant.

*Harry Stackell* and *Lewis B. Stackell* for respondent.

*Per Curiam.* The defendant appeals from a judgment in an action for negligence arising out of an accident suffered by the plaintiff on the premises of the defendant hospital. Plaintiff

was injured when a hospital door slammed shut on the third and fourth fingers of his left hand severing part of the final joints of those fingers. Plaintiff had been engaged in conversation with his back to the door, and in the course of emphasizing a point in a story he was telling, stretched out his arms and inadvertently inserted his fingers into the crevice between the door jamb and the hinge edge of the door. At that precise moment, the door slammed shut causing the injuries complained of.

The sole probative evidence introduced by plaintiff to establish negligence was the testimony of an expert witness who testified that the door-check mechanism was improperly maintained in that it required adjustment and fluid refilling.

No evidence was adduced on the trial to establish the existence of a duty running from the defendant to the plaintiff (*Palsgraf* v. *Long Is. R. R. Co.*, 248 N. Y. 339), nor was it shown that the injury sustained by the plaintiff was foreseeable. (*O'Neill* v. *City of Port Jervis*, 253 N. Y. 423; *Collins* v. *Noss*, 258 App. Div. 101.) Plaintiff likewise failed to establish constructive notice on the part of the defendant hospital. The sole evidence tending to show such notice consisted of speculation on the part of the expert locksmith that there had been no change in the mechanism " in probably two years " based on an otherwise unsupported guess that the door had not been painted for at least that period and that the mechanism had not been removed during that time. Such testimony is insufficient to support a finding of constructive notice.

Plaintiff has therefore failed to establish a prima facie case of negligence.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CONWAY, Ch. J., DESMOND, DYE, FULD, FROESSEL, VAN VOORHIS and BURKE, JJ., concur.

Judgments reversed, etc.