■ HOWARD MCGUIRE, Individually and as Guardian ad Litem of THOMAS MCGUIRE, an Infant, Respondent, v. ROBISON & SMITH, INC., Appellant, et al., Defendants.— HERLIHY, J. This is an appeal by the defendant, Robison & Smith, Inc., from a judgment of the Supreme Court in favor of the plaintiffs and entered upon jury verdicts after trial. At about 2:00 P.M. on March 27, 1961 the infant plaintiff, then 22 months old and weighing about 30 pounds, accompanied his mother to a laundromat owned and operated by appellant. A glass-paneled door designed to open outward when a person stepped on an interior activator mat located at its approach provided a means of exit from the building. The door would not complete its full cycle without continued activation and would reverse its course when pressure was removed from the mat. On the day in question Mrs. McGuire, having inserted her washing in a coin-operated dryer, decided to leave the premises for the 40-minute period which would be required to complete the operation. She and her son then proceeded down the ramp leading to the automatic door. The infant plaintiff preceded her and stepped on the activator mat. His weight was sufficient to cause the door to open. While his mother's attention was momentarily diverted in the direction of the dryer, he stepped off the mat to his left which caused the door to close and to catch the third and fourth fingers of his left hand in its hinge severing a portion of the fourth finger. An architect testified that the exit failed to conform to proper standards of safety in that the interior mat was too narrow and should have been bordered by restraining railings, that the slope of the " rampway " was steep to an excessive degree and that the exterior door should have been equipped with finger protection devices. The defendant-appellant knew that children accompanied their parents to the laundromat and provided several devices for their entertainment. The facts are somewhat analogous to those which were affirmed in *Oman* v. *E. Robison Inc.* (8 N Y 2d 878). The testimony in the record, in our opinion, was sufficient as to negligence and foreseeability to raise factual issues for the jury's consideration and having been decided in favor of the plaintiffs, we cannot say that the verdict was contrary to the evidence or warrants a dismissal as a matter of law. The early New York decisions relied upon by one of the dissenters are not necessarily decisive under the facts of this case. As to the alleged error in excluding testimony, in the case of *Bachmann* v. *Little* (152 App. Div. 811)

a new trial was ordered where the trial court had excluded not only evidence as to the operation of similar devices, but also as to the past safe use of the particular device which caused the injury. In the present case the defendant was allowed to submit proof that the device had been in constant use for some two years without injury. If we were to assume that it was error to exclude the evidence offered relating to a similar device, such evidence would only have been cumulative in regard to foreseeability and, under the circumstances, its exclusion was not so prejudicial to the defendant as to require a new trial. The defendant also argues that the awards of money damages ($8,850 to the infant and $1,501.50 to the father) were excessive, but we determine that they should not be disturbed on the basis of the testimony offered in this particular case. Judgment affirmed, with costs. Gibson, P. J., and Aulisi, J., concur; Reynolds, J., dissents and votes to reverse and dismiss: In my view plaintiffs' judgment should be reversed and the complaint dismissed because they have failed to establish a prima facie case of negligence. First, the evidence fails to show that the defendant was negligent in the construction and maintenance of the door in question or in creating a dangerous condition (*Rosen* v. *Bronx Hosp.*, 308 N. Y. 925; *De Salvo* v. *Stanley-Mark-Strand Corp.*, 281 N. Y. 333; *Lafflin* v. *Buffalo & Southwestern R. R. Co.*, 106 N. Y. 136; *Loftus* v. *Union Ferry Co.*, 84 N. Y. 455). The defendant as a reasonable and prudent person was not negligent in failing to provide the protective devices asserted by plaintiffs as necessary. *Rosen* v. *Bronx Hosp.* (*supra*) is particularly pertinent authority here and the present case is not distinguishable because of the nature of the instant laundromat door which could be opened by a child stepping on the activating mat whereas an infant would probably be unable to push open a conventional door. This argument, in fact, appears to have been anticipated by the Court of Appeals in *Loftus* v. *Union Ferry Co.* (*supra*) wherein the alleged negligence was the insufficiency of a guard on the side of a bridge or floor adjoining a passageway to a ferry boat the court stating: " The guard was concededly sufficient for grown people. A small child might more easily get through the opening than a man, *but small children are usually in charge of parents or guardians*; and this is entitled to some weight in determining the question of the company's negligence." (84 N. Y. 455, 461, emphasis supplied.) Nor does *Oman* v. *E. Robison, Inc.* (8 N Y 2d 878, modfg. 9 A D 2d 772) dictate a different result. There the Court of Appeals in affirming an award to a child clearly stated that it was doing so " upon the ground that the location of the toys so near the door opening could be held by the jury to have created a condition dangerous to children who frequented this shop, and causative of this accidental injury." (8 N Y 2d 878, 879.) There is nothing in the present case to indicate that any action by the defendant " created a condition dangerous to children ". Additionally, there was no liability in that the instant accident was not foreseeable. There was absolutely no evidence to support actual or constructive notice. The door involved had been in continuous use without incident for two years. Moreover, erroneously excluded was evidence that immediately adjacent to this laundromat in an establishment also owned by defendant was a similar door with the same operation, the " same type of door " " of the same physical layout ", which had been in use for 20 years without accident or mishap and which children were constantly proceeding in and out of. In *Bachmann* v. *Little* (152 App. Div. 811), a machine operator charged the defendant, his employer, with negligence in providing dangerous machines. The defendant tried to show that the machine upon which the plaintiff was injured and other similar machines had been in use for some time and had not caused any accidents.

The Appellate Division held that such evidence was improperly excluded, saying: "Whether the machine were dangerous depended upon whether in the ordinary course of its operation danger to the operator were to be reasonably anticipated [citing case], and as bearing upon that subject it is difficult to imagine what proof could be more cogent than that this machine or similar ones had been used for many years, during which time no operator had been injured." (152 App. Div. 811, 812-813.) Taylor, J., dissents and votes to reverse and to grant a new trial in the following memorandum. The exclusion of obviously relevant and cogent proof that for 20 years the same type of automatic door had been in operation in another establishment which defendant owned and that during that long period of time no injury had resulted from its use by a patron, which might well have tipped the scale in favor of defendant on the close question of foreseeability, was error the prejudicial effect of which cannot be discounted on the theory that the evidence was merely cumulative.