■ KATHLEEN McGUIGAN, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 50566.) — Case held, decision reserved and matter remitted to the Court of Claims for appropriate findings, in accordance with the following memorandum: It is apparent from its written decision that the trial court misunderstood the uncontradicted testimony with respect to the operation of the Corbin door closer, which claimant alleged caused the door through which she was passing to hit her in the back resulting in injuries for which compensation is sought against the State. In its finding of contributory negligence the court's expressed understanding of the door closer's normal operation was that the speed of the door closing was in its first phase slow and in its second more rapid, in direct contradiction of the undisputed testimony of defendant's expert, and the conclusion was then reached that claimant had attempted to get through the door with her arms full without opening the door wide enough to permit a safe entrance. Such a finding of contributory negligence based on a misunderstanding of the uncontradicted expert testimony in the case and without any support in the evidence should be reversed and a new finding made by the trial court. The dismissal having been based on the sole ground of contributory negligence on the part of the plaintiff, no finding was made by the court on the issue of defendant's negligence. Questions of fact were presented on the trial as to whether there was a malfunction of the door that was the proximate cause of the accident, as to whether there was a failure on the part of the defendant to provide for reasonable and adequate inspection and maintenance of the door and as to whether a malfunctioning of the door existed for such a period of time that the defendant had constructive notice of it and had a reasonable opportunity to correct it. A determination of such questions requires a resolution by the trial court of the issues of credibility raised by the conflicting testimony of the claimant's witnesses, all faculty members of the State University College at Buffalo, and the defendant's witnesses, maintenance personnel employees at

the college. (Appeal from judgment of Court of Claims dismissing claim in negligence action.) Present — Marsh, J. P., Gabrielli, Moule, Cardamone and Henry, JJ.