■ VINCENT DeGEORGE, an Infant, by VINCENT DeGEORGE, His Father and Natural Guardian, Appellant, v CITY OF NEW YORK et al., Respondents. —In a negligence action to recover damages for personal injuries, plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County, entered May 5, 1975, as dismissed the complaint against the defendant Board of Education of the City of New York, at the close of the evidence, at a jury trial limited to the issue of liability. Judgment reversed insofar as appealed from, on the law, and, as between plaintiff and the defendant board of education, action severed and new trial granted, with costs to abide the event. No fact findings were presented for review. Upon entering P. S. 204 on January 8, 1969, the then 11-year-old plaintiff opened the door and held it open with his left hand while attempting to determine whether his friend (who had been following him) would also be coming in. The door slammed shut, injuring plaintiff's finger. The evidence indicates that the finger was injured because it was caught in the area between the door jamb and the hinge side of the door. This was a public school; the doors were subject to heavy use by school children. Although there was a door check device installed to slow the closing of the door and to prevent it from slamming shut, plaintiff adduced evidence (which was disputed by the board) that the door check was defective and that the board had actual and constructive notice thereof. In our opinion plaintiff made out a prima facie case. The board's evidence merely created issues of fact; the case should have been submitted to the jury. We distinguish this case from *Rosen v Bronx Hosp.* (308 NY 925) on the ground that, at bar, the accident site was a school. Accidents caused by swinging, slamming doors used by school children might well be foreseeable (witness the door check precaution) and here the victim was using the door as a door (cf. *Rosen v Bronx Hosp., supra;* see, also, *Robinson v City of New York,* 50 AD2d 915). We concede that there is a serious question as to whether the board had the duty to foresee that a school child would hold the door open in such a manner that his finger would be caught between the door jamb and the hinge edge of the door should the door check device malfunction. However, under all of the circumstances, that, along with the other issues in this case, are questions for the jury (see *McGuigan v State of New York,* 38 AD2d 783; *O'Rourke v Namm & Son,* 295 NY 983; *Rossman v La Grega,* 28 NY2d 300, 306). Cohalan, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.

■ GEORGE DUMSTA, Doing Business as COUNTRYSIDE REALTY, et al., Appellants, v HARRY C. PARTRIDGE, III, et al., Respondents.—In an action to recover a broker's commission, plaintiffs appeal from a judgment of the Supreme Court, Rockland County, dated February 24, 1975, in favor of defendants, after a nonjury trial. Judgment affirmed, with costs. The record on this appeal demonstrates that plaintiffs were not entitled to a broker's commission for the sale by defendant Pike, to defendant Partridge, of her shares of stock in Horizon Properties, Inc. Cohalan, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.

■ WILLIE EADY, as Administratrix of the Estate of EDWARD G. EADY,